**Robert BASKIN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 71S00–8803–CR–365.**

Supreme Court of Indiana.

Nov. 29, 1989.

Brian May, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of the crime of Burglary, a Class B felony, for which he received a sentence of eighteen (18) years.

The facts are: On March 11, 1987, St. Joseph County police responded to a call that a "robbery" was in progress at 25190 Adams Road. Upon arriving at that location, police learned that the homeowner, Ronald Cholazynski, had exchanged gunfire with persons he believed had burglarized his home.

Cholazynski stated that he arrived home to find a car sitting in his driveway with the motor running. As he approached the house, he heard voices inside and entered to find two persons inside his home. A chase ensued with the persons escaping by breaking a window. During this time, gunfire was exchanged between Cholazynski and the burglars.

Cholazynski discovered that personal property had been stolen from his home, including his wedding band, which was later found on the person of appellant. The burglars' car had been blocked in the driveway by Cholazynski. Therefore, they were compelled to flee on foot. When police arrived, they pursued the burglars across a cornfield where they were captured. In addition to the victim's wedding ring found in appellant's pocket at his capture, the police also found a gun belonging to the victim near the scene of the capture. Following capture, appellant's *Miranda* rights were read to him, and upon arrival at the police station, he gave an incriminating statement.

■ Appellant claims the court erred in admitting State's Exhibit No. 33 which was an aerial map of the neighborhood in which the burglary occurred. Appellant contends it was inadmissible because the officer who identified the map did not know when the photograph was taken but speculated that it could have been taken in either 1982 or 1986. The officer further stated that the area had changed to the extent that a housing development had been added in a portion of the area shown.

Appellant thus contends that the aerial photograph did not accurately represent what it purported to depict. The map was used solely for the purpose of showing the location of the victim's home and the path travelled by the robbers prior to their capture. The presence or absence of other structures in the area played no part in the use of the photograph. This Court has held that photographs of a crime scene are relevant if they aid the trier of fact in orienting himself to the circumstances surrounding the crime. *Huffman v. State* (1989), Ind., 543 N.E.2d 360.

The variances between the photograph and the area as it existed on the day of the trial were explained clearly to the jury. The photograph was admissible as explanatory and illustrative of the testimony of the officers concerning the capture of the burglars. *Id.*

■ Appellant claims the trial court erred by allowing his incriminating state-ment in evidence. When appellant's statement was first offered in evidence, the court examined the officer and sustained appellant's objection to the introduction of the statement. However, the court later reversed its ruling upon learning that the arresting officer had warned appellant properly about giving any statement that might incriminate him.

The record in this case discloses that appellant was given the usual *Miranda* warnings upon his arrest. His incriminating statement followed such warning; thus the State fully discharged its duty of proving beyond a reasonable doubt that the statement was given freely and voluntarily as required under *Richardson v. State* (1985), Ind., 476 N.E.2d 497.

■ Appellant contends the evidence is not sufficient to support the jury's verdict. Under the facts above recited, there was ample evidence submitted to support the jury's verdict. This Court will not substitute its judgment for that of the jury. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

At the crime and arrest scene, Officer Cannoy read appellant his *Miranda* rights and asked whether appellant understood what he was hearing. Appellant responded that he did. Cannoy took appellant to the station house, arriving there a half hour after the field advisement of rights. There, two rings were removed from appellant's pockets, a wedding ring and a high school ring. At the time, appellant and Cannoy engaged in a "back and forth," "general" conversation during which appellant declared that the wedding ring had been given to him and that he had been wearing it for a month or so. Cannoy was unable to remember whether appellant's

statement was in response to a question or not.

Appellant objected to the introduction of his statement concerning the wedding ring on the basis that there had been no showing of a waiver of the right to remain silent and to have counsel present during interrogation. In *Richardson v. State* (1985), Ind., 476 N.E.2d 497, this Court reiterated that the burden was upon the State to establish that an actual event constituting a waiver of rights occurred. In furtherance of that burden, the prosecution in *Richardson* proved that the defendant had been advised of his rights, had said he would make a statement, and had signed a written waiver. Here there was no such proof nor its functional equivalent. The proof here was, by contrast, insufficient to warrant a rational trier of fact in concluding that appellant made an actual choice to forego his right to remain silent before being engaged by Officer Cannoy in this "back and forth" conversation regarding the contents of his pockets. It was therefore error to admit the statements. The evidence as a whole is sufficient to convict, and I would therefore order a new trial.