MATES *v.* STATE OF INDIANA.

[No. 24,909.   Filed March 6, 1929.]

*Arthur R. Robinson, Frank A. Symmes* and *Garth B. Melson,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edwin Steers,* for the State.

MYERS, J.—It appears from the record in this case that appellant was found guilty "as charged in the first count of the affidavit." This count, in substance, alleges that on May 27, 1924, appellant "did then and there unlawfully sell, barter, exchange, give away, furnish and dispose of intoxicating liquor to Irvin Homer and did then and there unlawfully manufacture, transport and possess intoxicating liquor; and did then and there unlawfully keep and have in his possession intoxicating liquor with intent then and there to sell, barter, exchange, give away, furnish and otherwise dispose of the same to persons to affiant unknown within this state; and that heretofore August 12, 1919, this defendant was convicted in the city court of said city of violating the provisions of ch. 4 of the acts and laws of the General Assembly of the said state of the year A. D. 1917, commonly called the 'Prohibition Law' as amended by the General Assembly of said State of the year 1921, set out

in ch. 250 of the acts and laws hereof, and as amended by the General Assembly of said state of the year 1923," etc. This count of the affidavit is based upon Acts 1923, p. 70, ch. 23.

The overruling of appellant's motion for a new trial is the only error assigned. The causes relied upon in support of this motion are finding of the court contrary to law, and finding of the court not sustained by sufficient evidence.

The pleader, by this affidavit, sought to make appellant amenable to that part of the statute—"second or subsequent conviction"—constituting a felony. While appellant, by the general finding of the court, was found guilty of nine separate and distinct offenses according to the affidavit, and that he had been previously convicted for violating some provision of what is known as the "Prohibition Law" of this state, yet, a fine and imprisonment was assessed consistent only with a finding of guilty of a misdemeanor. Appellant cannot successfully claim harmful error because he received a less punishment than that prescribed by law. *May* v. *State* (1895), 140 Ind. 88, 39 N. E. 701; *State* v. *Arnold* (1896), 144 Ind. 651, 659, 42 N. E. 1095; *McPherson* v. *State* (1912), 178 Ind. 583, 99 N. E. 984; *Harrod* v. *Dismore* (1891), 127 Ind. 338, 26 N. E. 1072.

A careful reading of the evidence justifies the conclusion that there was no evidence whatever tending to support any of the alleged offenses charged in the affidavit other than a sale, for, at that time, it was not unlawful to possess intoxicating liquor, nor to have it in possession with intent to sell; nor does the evidence showing that appellant carried a half-pint or a drink of liquor from one room to another on his own premises warrant a finding of transporting the same. *Hanger* v. *State* (1928), 199 Ind. 720, 160 N. E. 289; *Chappell* v. *State* (1926), 197 Ind. 272, 150 N. E. 769; *Hammell* v. *State* (1926), 198 Ind. 45, 152 N. E. 161;

*Hudson* v. *State* (1926), 198 Ind. 422, 154 N. E. 7. There was some evidence of a former conviction, but we will give that feature of the case no further consideration.

The so-called affidavit in this case has nine separately-numbered counts. Those numbered from 1 to 4—(1) Unlawful sale, etc.; (2) unlawful possession of a still; (3) maintaining a common nuisance; (4) receiving intoxicating liquor from a carrier—are followed by a blank line for signature and the usual jurat unsigned. Then follow counts numbered from 2 to 6 inclusive: (2) Manufacture, transport, and possession; (3) unlawful possession of a still; (4) unlawful sale at retail to ——of a certain preparation, to wit,————containing alcohol, etc.; (5) maintaining a nuisance; (6) receiving intoxicating liquor from a carrier.

The foregoing instrument is a fair illustration of what frequently occurs from the want of care and the hurried use of blank forms by attaches of an office in which such forms are generally in use. Often, peace officers or others who do not even claim to have any knowledge of the law, attempt to supply omitted words in such forms. They do not appreciate the necessity of avoiding duplicating counts of an affidavit or indictment, or the insertion of facts likely to be developed in the case, nor the embarrassment which may follow the improper preparation of an instrument of that character, not only to the trial court but to the representative of the State as well. We are advised by transcripts of cases appealed to this court that defendants are charged by affidavits similar to the one above mentioned whereon there was a general finding or general verdict of guilty as charged, when there was absolutely no evidence to sustain some of the counts, easily ascertainable at the time of preparing the affidavit. Trial courts and prosecuting attorneys should make an effort to see that criminal charges are carefully stated.

Activities which would tend to discourage hasty action,

and would incite forethought and care on the part of those charged with the preparation for trial of cases against violators of our criminal laws, would, in our opinion, from observation of a large number of appealed cases, materially aid in lessening appeals and result in a more prompt execution of penalties.

Passing to the merits of this case, appellant first insists that the count upon which he was convicted was not verified, and, for that reason, he was not, as a matter of law, charged with any offense, and the court was without jurisdiction to try him or to render judgment on a finding of guilty.

As advised by the record, we have reached the conclusion that appellant was tried upon a verified affidavit. There was but one formal beginning or premise, followed by counts 1 to 4, unverified, and an unsigned jurat. Then follow counts 2 to 6 inclusive, signed and followed by completed jurat of prosecuting attorney. There seems to be but one filing, which included all of the counts. The court evidently treated the nine counts as a single affidavit. There was no motion to quash or other action on the part of appellant objecting to the form or to the court's treating the purported affidavit as it did. The pleading (affidavit), upon its face shows such a lack of intelligence or indolence on the part of the pleader as would have justified the trial court, on motion, to have stricken it from the files. We presume correct action by the trial court, and as we cannot say from the record that the first count on which appellant was found guilty lacked verification, appellant's jurisdictional insistence cannot be sustained.

Appellant was charged with an unlawful sale of intoxicating liquor to Irvin Homer, and the evidence showed, if anything, a sale to Irvin Horner. Hence, a claim of fatal variance.

We are told by the evidence of Irvin Horner, a prohibition agent, that he and one Mr. Johnson, on May 24,

1924, were at appellant's place of business (grocery store) and there purchased from him some intoxicating liquor for which the witness paid $1.25.

We may well assume, without fear of contradiction, that the prosecuting witness and those representing the state in Marion County were on friendly terms, and that the scrivener who prepared the affidavit could have obtained, with a slight effort, the correct spelling of the name of the prosecuting witness and so inserted it in the affidavit, thereby avoiding a debatable question if it were properly presented for our determination.

The question, as a matter of law, sought to be submitted to us is whether the name "Irvin Horner" is *idem sonans* with "Irvin Homer."

From the evidence in the instant case, we learn that Irvin Horner was the prosecuting witness, although he was not the affiant to the affidavit. There was no evidence offered that Irvin Horner was or was not the same person named in the affidavit. It seems to us the underlying reason for the doctrine of *idem sonans* is to fix the identity of the party in evidence as the one named in the indictment or affidavit. In the case at bar, the difference between the names seems to have been entirely disregarded. Had appellant presented to us a record showing overruled objections to the evidence tending to show a sale to "Horner" instead of "Homer" as a ground for a new trial, the question of *idem sonans* would be here. But, for aught appearing, the claim of fatal variance is raised for the first time in this court. Hence, it is our conclusion that this contention is ruled by the principle announced in *Bradley* v. *State* (1905), 165 Ind. 397, 402, 75 N. E. 873, to the effect that the question of variance between the proof and the allegations of the affidavit was not presented to the court below and hence cannot be presented for the first time in this court. In that case it was said:

"Conceding that this insistence is true, nevertheless the question of variance which appellant seeks to raise cannot properly be considered in this appeal, as, for aught appearing in the record to the contrary, it is presented for the first time in this court. If appellant believed there was a fatal variance between the averments of the affidavit and the proof in the case, he ought to have seasonably interposed his objections in this respect during the trial in the lower court, and in the event of an adverse ruling have assigned it as a reason for a new trial. *Graves* v. *State* (1889), 121 Ind. 357; *Taylor* v. *State* (1891), 130 Ind. 66; *Kruger* v. *State* (1893), 135 Ind. 573." See, also, *People* v. *Cunningham* (1921), 300 Ill. 376, 133 N. E. 270; *People* v. *Ascey* (1922), 304 Ill. 404, 136 N. E. 766.

Judgment affirmed.

Martin, C. J., concurs in the conclusion.