**Henry Dwayne BATES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 982S335.

Supreme Court of Indiana.

July 20, 1984.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Henry Dwayne Bates, appeals from the denial of his petition for post-conviction relief by which he sought to withdraw his plea of guilty to a charge of robbery while armed with a deadly weapon, a class B felony. He entered the plea on April 24, 1980 pursuant to a plea agreement with the State in which the State agreed to dismiss another charge of robbery while armed with a deadly weapon and to forego the filing of additional charges in exchange for appellant's plea.

Before accepting appellant's guilty plea the trial court undertook an advisement of the rights specified in Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.) [Acts 1973, P.L. 325, § 4, p. 1750 (repealed 1982); for provision effective September 1, 1982, see Ind.Code § 35–35–1–2 (Burns Supp.1984)] including information about the minimum and maximum possible sentence for this offense and the fact that the presumptive sentence might be increased because of aggravating factors or decreased because of mitigating factors. In this appeal appellant claims that the trial judge erred when he failed to inform him, before accepting his guilty plea, "of any possible increased sentence by reason of the fact of a prior conviction or convictions" in accordance with Ind.Code § 35–4.1–1–3(d). The trial judge acknowledged at the hearing on the post-conviction petition and in his memorandum opinion denying appellant's motion to correct errors that he did not inform appellant that prior convictions could be used to enhance his sentence. The State argues that the trial judge was not required to so advise the appellant. We disagree.

It is the duty of the trial judge to comply strictly with the terms of Ind.Code § 35–4.- 1–1–3. *German v. State*, (1981) Ind., 428 N.E.2d 234. We have held that before accepting a plea of guilty a trial judge must inform the defendant that his sentence may be enhanced by prior convictions and that this obligation is not satisfied when a defendant is informed of the range of sentences available for the offense and of the fact that the sentencing choice might be influenced by aggravating or mitigating circumstances. *Johnson v. State*, (1983) Ind., 453 N.E.2d 975 (Givan, C.J., and Pivarnik, J., dissenting). *See also, Bullock v. State*, (1980) Ind.App., 406 N.E.2d 1220. The guilty plea record here disclosed, and the trial judge conceded, that the appellant had not been informed "of any possible increased sentence by reason of the fact of a prior conviction or convictions" as required by Ind.Code § 35–4.1–1–3(d).

The State contends that since the only history of criminal activity appearing on the record here is a juvenile history, the trial court need not have informed the appellant that prior convictions could be used to enhance his sentence since adjudications of juvenile delinquency do not constitute prior convictions. The presentence report did refer to appellant's involvement in at least four robberies and one assault. We have held, however, that even where there is no indication in the record that petitioner had any prior convictions we will not relieve the trial judge of the simple task of complying with the statutory mandate of Ind.Code § 35–4.1–1–3(d) before accepting a guilty plea. *Hayenga v. State*, (1984) Ind., 463 N.E.2d 1383 (Givan, C.J., and Pivarnik, J., dissenting). The presence, absence or form on the record of any prior adult criminal convictions or juvenile delinquent adjudications is immaterial at a plea proceeding. Regardless of what the appellant's record as to his involvement in either criminal or delinquent activity may have been, the trial judge, before accepting appellant's plea of guilty, should have advised him according to Ind.Code § 35–4.1–1–3(d) that prior convictions are legitimately used as a basis for increasing the sentence.

In a post-conviction proceeding the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence, Ind.R.P.C. 1, § 5. We find that this petitioner satisfied this burden by submitting the silent guilty plea record in conjunction with his petition for post-conviction relief. *See, Ricketts v. State*, (1981) Ind.App., 429 N.E.2d 289.

The judgment denying relief to the appellant is reversed and the cause is remanded with instructions to vacate appellant's guilty plea.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., dissent without opinion.