Donald FRENCH, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 3–684A150.

Court of Appeals of Indiana,
Third District.

Dec. 26, 1984.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Donald French entered a plea of guilty on each of four counts of check deception, a Class A misdemeanor. The trial court imposed the maximum one year term on each count and ordered the sentences to run consecutively, for a total of four years, with credit for jail time served prior to sentencing. French subsequently filed a *pro se* petition for post conviction relief alleging error in the imposition of consecutive sentences. The petition included a signed but uncompleted affidavit of indigency for the appointment of counsel.

The trial court granted the petition only to the extent of entering findings in the record to support the imposition of consecutive sentences. The court recited the particulars of French's rather lengthy history of past convictions, including convictions for burglary and theft, as well as the fact that French was on probation in Ohio for forgery. The court found that such history justified the imposition of consecutive sentences and that imposition of concurrent sentences would depreciate the seriousness of the crime.

French timely filed a Motion to Correct Errors, captioned "Belated Appeal," alleging the same sentencing error and the additional ground that the trial court failed to

appoint counsel for the post conviction proceedings.[1] The motion was denied and French now appeals alleging the trial court erred in accepting French's guilty pleas without advising him that prior convictions could affect the length of his sentence.

Reversed and remanded with instructions to vacate the guilty pleas.

■ In post conviction relief proceedings, the petitioner bears the burden of proving his claim by a preponderance of the evidence. He is appealing from a negative judgment and we will not reverse the trial court's determination unless the evidence is not conflicting and leads unerringly to a contrary result. *Johnson v. State* (1983), Ind., 453 N.E.2d 975, 976. In order to uphold a guilty plea as knowing and voluntary, the record must show that the defendant was meaningfully advised of the rights and law detailed in Ind.Code 35–35–1–2 (Burns Code Ed., 1984 Supp.). Strict compliance with the statutory mandate is required. *Johnson, supra,* at 977.

IC 35–35–1–2 provides in pertinent part: "The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:

\*      \*      \*      \*      \*      \*

(3) Has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; ...."

■ Technically, French's claim of the failure to advise him of the effect of his prior convictions is being raised for the first time on appeal, but because non-compliance with the guilty plea statute constitutes fundamental error, we will address the argument. *Kidder v. State* (1983), Ind. App., 456 N.E.2d 427, 428, n. 2.

■ On the day of the initial hearing the trial court undertook a thorough advise-

---

1. Because we find reversible error in the trial court's acceptance of French's guilty plea, we do not reach the issue of whether an incomplete

affidavit of indigency triggers the trial court's duty to appoint pauper counsel.

ment of rights, *en masse,* to French and others appearing for their initial hearings. A detailed explanation of the possibility of consecutive sentences for multiple offenses was included.[2] The evidence on the record is undisputed[3] that the trial court did not advise French, either in the group or individually, that prior convictions could increase the sentence to be rendered upon a plea of guilty. French also signed a waiver of rights form, authorized in misdemeanor cases by IC 35–35–1–2(b). This form did not mention the effect of prior convictions on sentencing decisions.

It is not altogether clear from French's brief whether he claims that his prior convictions were a factor in the court's imposition of the maximum term on each count or whether such convictions influenced the imposition of consecutive sentences. In either case, however, it is clear from the trial court's recitation of French's criminal history that the sentencing decision was affected by the fact of French's prior convictions.

We have some strong reservations as to whether the legislature contemplated the situation at bar when it mandated advising a defendant that prior convictions could increase a sentence. We are inclined to believe that "possible increased sentence" refers to the discretion of the trial court to *enhance* the presumptive sentence for certain felony convictions upon a finding of aggravating circumstances—the most obvious of which is a history of prior convictions. We are not entirely persuaded that imposition of the maximum sentence or of consecutive sentences constitutes an "increased sentence" envisioned by the statute.

We are compelled, however, by the language of numerous cases in both the Supreme Court and our own Court to hold that the requirement of strict compliance with the guilty plea advisement statute necessitates advising a defendant of the possible effect of prior convictions on any sentencing decision. In *Johnson v. State, supra,* the defendant's guilty plea was vacated because the trial court, in advising him of the minimum and maximum possible sentences for murder failed to advise the defendant that his prior convictions could be considered aggravating circumstances for purposes of enhancing the sentence beyond the presumptive maximum sentence. The Supreme Court specifically disapproved the holding of earlier cases that a defendant needs to be advised regarding the possible effect of prior convictions *only* when they might result in a sentence in excess of the maximum possible for the offense charged. *Id.* at 977. In a more recent case, *Hoelscher v. State* (1984), Ind., 465 N.E.2d 715, the Court vacated the guilty plea of a defendant who received a twelve year sentence where the range of sentences was six to twenty years. Although the defendant was advised of the minimum and maximum sentence possible, the Court found there was nothing in the record to indicate that defendant was aware that his prior convictions could result in an increased sentence. Since the presentence report showed previous misdemeanor convictions, the Court held that the trial court could properly have considered the convictions as aggravating circumstances and the defendant should have been so informed. *Id.* at 717. In *Bates v. State* (1984), Ind., 465 N.E.2d 726, the defendant, pursuant to a plea agreement, entered a plea of guilty to a charge of robbery while armed with a deadly weapon. There is no indication of the sentence received by the defendant and the only history of criminal activity was a juvenile history. Nevertheless, the Court held that even

---

**2.** French attempts to argue that the trial court erred in failing to question him specifically on his understanding of the consecutive sentencing possibility, citing *James v. State* (1983), Ind. App., 454 N.E.2d 1225, in support. We fail to see any distinction in the *en masse* advisement and individual polling procedure approved in *James,* and the procedure employed in French's case. We have no doubt that the court adequately questioned French on his understanding

of the matters of which he was advised. The critical factor in the case at bar is the failure to *advise* of the effect of prior convictions.

**3.** In its brief the State did not address French's claim that failure to advise of the possibility of increased sentence by reason of prior convictions constitutes reversible error.

where there is no indication in the record that petitioner had any prior convictions, the trial court, before accepting the guilty plea, should advise the defendant that prior convictions are legitimately used as a basis for increasing the sentence. *Id.* at 727.

The strict compliance requirement is such that even the failure to advise a defendant of an alternative lesser sentencing possibility is grounds for reversal. *See, e.g., Shaw v. State* (1983), Ind.App., 456 N.E.2d 758; (defendant advised of range of felony penalties, but sentenced under statute allowing misdemeanor penalty to be levied).

In the case at bar the trial court clearly did not advise French that his prior convictions could influence either the decision to impose the maximum one year penalty on each count or the decision to order the terms to be served consecutively; thus French's guilty pleas cannot be said to have been entered with full knowledge of the consequences of such a plea.

Reversed and remanded with instructions to vacate French's four guilty pleas.

GARRARD and HOFFMAN, JJ., concur.