**Robert BASKIN, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 71A04–9106–CR–176.**

Court of Appeals of Indiana, Fourth District.

Feb. 27, 1992.

Susan K. Carpenter, Public Defender, Linda G. Nicholson, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

CONOVER, Judge.

Petitioner–Appellant Robert Baskin appeals the denial of his petition for post-conviction relief.

We reverse.

The sole issue for our consideration is:

whether the trial court had the authority to impose a sentence which would run consecutively to the sentences for prior offenses.

Baskin was charged with Burglary on March 11, 1987. The next day, he was sentenced for two separate offenses. On August 27, 1987, Baskin was found guilty on the Burglary charge and was sentenced to eighteen years imprisonment. The eighteen year sentence was ordered to be served consecutively to the sentences for the two prior separate offenses.

Baskin's conviction for Burglary was affirmed by our supreme court in *Baskin v. State* (1989), Ind., 546 N.E.2d 1191. Subsequently, the post-conviction court found the trial court did not err in ordering Baskin's Burglary sentence to be served after the expiration of his imprisonment for the two prior offenses.

Trial courts may not order consecutive sentences without express statutory authority. *Kendrick v. State* (1988), Ind., 529 N.E.2d 1311. Imposition of consecutive sentences is covered by IND.CODE 35–50–1–2, which, in the version applicable to this case, stated: [1]

(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If a person commits a crime:

(1) after having been arrested for another crime; and

(2) before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

The discretionary authority of the trial court to order consecutive sentences under subsection (a) has been limited to those occasions when a court is contemporaneously imposing two or more sentences. *Bartruff v. State* (1990), Ind., 553 N.E.2d 485, 488; *Seay v. State* (1990), Ind., 550 N.E.2d 1284, 1289, *reh. denied* (citing *Ken-*

1. The statute was amended by P.L. 330–1987, Sec. 1.

*drick, supra,* at 1312). *See also, Saylor v. State* (1991), Ind.App., 565 N.E.2d 348, 349, *reh. denied.* "[Sub]section (a) does no more than this." *Kendrick, supra.* The mandatory requirements of subsection (b) apply "only to persons on parole, probation or serving a term of imprisonment at the time the second offense was committed." *Killian v. State* (1987), Ind., 512 N.E.2d 411, 412, *reh. denied.*

 In the present case, the sentencing court was not contemporaneously imposing two or more sentences at the time it ordered Baskin's Burglary sentence to be served after his prior sentences. Furthermore, at the time the Burglary was committed Baskin was not on parole, probation, or serving a term of imprisonment. Under the aforementioned case law, the trial court had no authority to delay the beginning of Baskin's sentence until the termination of his prior sentences.[2]

Reversed.

MILLER and SULLIVAN, JJ., concur.

---

**2.** We decline the State's invitation to treat the language of *Bartruff* and *Seay* as *dicta.* For purposes of clarification, we note the recent case of *Chanley v. State* (1991), Ind., 583 N.E.2d 126, while at first glance appearing to do so, does not narrow the application of *Seay* in the present case. *Chanley* deals with consecutive sentences imposed upon a person who was serving a term of imprisonment at the time he committed subsequent offenses. Thus, subsection (b) of IC 35–50–1–2 was applicable.