**John LAMIRAND Appellant–Petitioner**

v.

**STATE of Indiana Appellee–Respondent**

**No. 20A05–9312–CR–462.**

Court of Appeals of Indiana,
Fifth District.

Sept. 19, 1994.

Susan K. Carpenter, Public Defender, Janet L. Parsanko, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

SHARPNACK, Chief Judge.

John Lamirand appeals from the trial court's denial of his motion to correct erroneous sentence. Lamirand raises a single issue for our review, which we rephrase as whether the trial court had authority under Ind. Code § 35–50–1–2(a) to impose a consecutive sentence. We reverse and remand.

The facts pertinent to the present appeal are as follows. In March, 1989, Lamirand committed an act of child molestation. Based on that offense, in May, 1990, Lamirand was sentenced to eight years in the Indiana Department of Correction following his guilty plea to child molesting as a class C felony ("Sentence I"). The trial court suspended the last eighteen months of Sentence I on the condition that Lamirand spend that time in a county work release program. While incarcerated under Sentence I, Lamirand admitted to and released information about another, prior incident of child molestation which occurred in April, 1988. On February 1, 1991, the State filed an information charging Lamirand with child molesting as a class D felony for the April 1988 offense. On February 25, 1991, Lamirand pleaded guilty to the charge.

On May 6, 1991, the trial court conducted a sentencing hearing and pronounced its sentence, in pertinent part, as follows:

"In a previous case—that was Case 9001–CF–020—for which he was sentenced last year to eight years, with the last 18 months of it to be spent in county work release after serving the rest of the sentence at the Department of Corrections [sic].... I propose this. I will lift that 18–month probationary period because I don't want it to fall between two sentences. That would, if the prosecutor concurs in the sentence modification, would simply make that a six-and-a-half-year sentence ... and we'll drop that 18 months at county work release. However, he is sentenced in this case to three years ... the last 18 months of which are suspended, during which time he'll be on probation and that is when he will have counseling....

*    *    *    *    *    *

All right. The sentences will be consecutive. So what I've done is replace 18 months of probation with an 18–month sentence which, on good behavior, can be completed in half that time, followed, once again, by an 18–month probationary period....

*    *    *    *    *    *

All right. There will be a sentence modification in the old case by deleting the probationary period of the sentence and by giving him a three-year sentence in this case, half of which will be suspended. He'll get no credit for time served in ... this case...."

Record, pp. 147–50 (hereinafter, "Sentence II").

On February 15, 1993, Lamirand filed a pro se motion to correct erroneous sentence in which he argued that the trial court lacked the authority to order that Sentence II run consecutively to Sentence I because the court was not contemporaneously imposing two or more sentences. By counsel, Lamirand then filed a motion to set a hearing and a memorandum of law in support of the motion to correct erroneous sentence. On August 18, 1993, the trial court held a hearing on the motion to correct erroneous sentence. On August 27, 1993, the trial court entered its order denying Lamirand's motion to correct erroneous sentence.

On appeal, Lamirand argues that the trial court erred in denying his motion to correct erroneous sentence. In support of his position, Lamirand argues that under case law interpreting I.C. § 35–50–1–2, the trial court was without authority to order that Sentence II run consecutively to Sentence I. He is correct.

At all times pertinent to the present appeal, I.C. § 35–50–1–2 provided:

"**Consecutive and concurrent terms.—** (a) Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If, after being arrested for one (1) crime, a person commits another crime:

(1) Before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) While the person is released;

(A) Upon the person's own recognizance; or

(B) On bond; the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed. [IC 35–50–1–2, as added by Acts 1976, P.L. 148, § 8; 1977, P.L. 340, § 111; P.L. 330–1987, § 1.]"

I.C. § 35–50–1–2.[1]

We note first, as the trial court observed, that the statute's mandatory sentencing provision, I.C. § 35–50–1–2(b), is not applicable in the present case. At issue here is the scope of a trial court's discretionary authority under I.C. § 35–50–1–2(a) to order consecutive sentences. Our supreme court discussed a trial court's authority under I.C. § 35–50–1–2(a) in the case of *Kendrick v. State* (1988), Ind., 529 N.E.2d 1311, as follows:

"Trial courts, in the absence of express statutory authority, cannot order consecutive sentences, i.e., the commencement of a sentence cannot, in the absence of express

statutory authority, be postponed. *Baromich v. State*, (1969) 252 Ind. 412, 249 N.E.2d 30.

The authority to postpone the commencement of a sentence, i.e., to order consecutive sentences, is granted by I.C. § 35–50–1–2. That part of the statute upon which appellant must premise his claim states:

'. . . the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.'

I.C. § 35–50–1–2(a). This provision, apart from the mandatory duty to give consecutive sentences in specified circumstances set out in I.C. § 35–50–1–2(b), grants a general discretionary authority to the trial court to order consecutive sentences whenever such an order is justified by sufficient reason which must be articulated. *Shippen v. State* (1985), Ind., 477 N.E.2d 903. The language employed in Section (a) above by the legislature is restrictive. *The general authority is limited to those occasions when a court is meting out two or more terms of imprisonment. If a court is contemporaneously imposing two or more sentences, it is granted the general statutory authority to order them to be served consecutive to one another. Section (a) does no more than this.*"

*Kendrick*, 529 N.E.2d at 1312 (emphasis added).

A number of cases decided subsequent to *Kendrick* have reiterated the rule that the general authority to impose a consecutive sentence found in I.C. § 35–50–1–2(a) is limited to those occasions when a court is contemporaneously imposing two or more sentences. *See, e.g., Seay v. State* (1990), Ind., 550 N.E.2d 1284, 1289, *reh'g denied; Bartruff v. State* (1990), Ind., 553 N.E.2d 485, 488; *Watkins v. State* (1992), Ind.App., 588 N.E.2d 1342, 1345; *Baskin v. State* (1992), Ind.App., 586 N.E.2d 938, 940.

In *Watkins, supra,* the appellant was sentenced on April 6, 1983, to thirty years imprisonment by the Vanderburgh Circuit

---

1. Indiana Code § 35–50–1–2 recently has been amended by our legislature. Effective July 1, 1994, the statute now includes the following language: "The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time." I.C. § 35–50–1–2(a) (Burns 1994 Replacement Volume & 1994 Supp.)

Court in cause no. 3725. *Watkins,* 588 N.E.2d at 1343. A few months later, on July 29, 1983, Watkins was sentenced to eight years imprisonment by the Vanderburgh Circuit Court in cause no. 3639, the latter sentence to run consecutively to the sentence previously imposed in cause no. 3725. *Id.* This court reversed, holding that the trial court lacked authority to order the eight-year sentence imposed in cause no. 3639 to run consecutively to the thirty-year sentence previously imposed in cause no. 3725. *Id.* at 1345. We reach the same conclusion here.

■ The State acknowledges that *Kendrick* and its progeny have interpreted I.C. § 35-50-1-2(a) to give a trial court discretion to impose consecutive sentences only in those instances when the trial court is contemporaneously imposing two or more sentences. The State argues, however, that the present case is distinguishable from the case law discussed above on the ground that in this case the trial court modified the previously imposed sentence at the same time it imposed the second sentence, and then ordered them to be served consecutively. Therefore, according to the State, "[l]ogic and the interests of justice require an interpretation that the trial court's action was the same as contemporaneously imposing two sentences." Appellee's brief, p. 4. We are unpersuaded by the State's argument, and agree with Lamirand that when a court modifies a sentence it is altering an already existing sentence, rather than "imposing" a sentence within the meaning of *Kendrick* and its progeny. In other words, a trial court may not avoid the limitation on its discretionary authority to order consecutive sentences merely by modifying a sentence which was imposed previously in a separate cause of action. Accordingly, we hold that the trial court was without authority to order that Sentence II run consecutive to Sentence I.

We recognize the concerns expressed by the trial court and reiterated by the State regarding a subsequent sentence being engulfed within a previously imposed sentence. Nonetheless, we are not free to approve a trial court's attempted exercise of authority which our supreme court has declared does not exist.

The trial court's judgment is therefore reversed and this case remanded to the trial court for re-sentencing.

REVERSED AND REMANDED.

RUCKER, J., concurs.

CHEZEM, J., dissents with opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. The majority's decision does not merely apply *Kendrick,* but extends it unnecessarily. The trial court did not simply impose Lamirand's sentence consecutive to a pre-existing one, but modified his first sentence by reducing the term by eighteen months. By extending *Kendrick* to those instances where a prior sentence is modified, a subsequently entered sentence for a crime that is punishable by a lesser penalty is engulfed into the first sentence. This is another instance of two crimes for one punishment. I do not think that this is the result envisioned by our legislature when they enacted IC 35-50-1-2(a). I would affirm the trial court.