**Scott BADGER, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 74A04–0007–PC–313.**

Court of Appeals of Indiana.

July 3, 2001.

Publication Ordered Aug. 10, 2001.

Susan K. Carpenter, Public Defender of Indiana, Brian Eisenman, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Scott Badger appeals the denial of his post-conviction relief petition relating to his conviction for murder. We reverse.

### Issue

The dispositive issue Badger raises is whether his petition should have been granted because of the erroneous advisement given by the trial court during the guilty plea hearing and because the plea agreement imposed an illegal sentence.

### Facts

On February 9, 1990, the State charged Badger with murdering his wife. On April 15, 1991, Badger pled guilty as charged pursuant to a written plea agreement in Spencer County. The plea agreement provided that he would serve an executed sentence of forty years and required that the sentence would run consecutive to a thirty-year sentence previously imposed on an unrelated rape conviction in Warrick County.[1]

During the guilty plea hearing, the trial court advised Badger that the sentence imposed for murder could run consecutively to the sentence for rape in Warrick County. The trial court later amended this advisement by instructing Badger that the two sentences had to run consecutive. After accepting Badger's guilty plea, the trial court sentenced Badger pursuant to the plea agreement.

In July 1995, Badger filed a Motion to Correct Erroneous Sentence, which the trial court later denied. Badger appealed the denial to this court. On April 30, 1996, we affirmed the trial court's ruling, holding that although the sentence was erroneous, Badger had benefited from the illegality. In 1999, Badger filed an amended petition for post-conviction relief, asserting that: 1) Badger's sentence was in excess of that which legally could have been imposed; 2) Badger's guilty plea was not made knowingly, intelligently, and voluntarily due to the court's acceptance of the "illegal" plea agreement and the failure of the trial court to properly instruct Badger that consecutive sentences could not be imposed in this case; and 3) Badger's counsel was ineffective for negotiating an "illegal" plea agreement and failing to properly advise Badger that consecutive sentences could not be imposed. Record pp. 257–61. After conducting an evidentiary hearing, the post-conviction court denied his petition on the basis that Badger had benefited from the sentence, that he had been fully advised of his constitutional rights before entering the guilty plea, and that he knowingly and intelligently waived those rights.

### Analysis

Badger's appeal has three main components. First, he claims he is serving an illegal sentence that exceeds the maximum sentence authorized by law because his forty-year sentence for murder is consecu-

---

1. Badger committed the rape prior to the date he was charged with murder. He was convicted of rape and sentenced in June 1990.

tive to his thirty-year sentence for rape. Second, he claims that his guilty plea was not made knowingly, intelligently, and voluntarily because he was erroneously informed by the trial court that his murder sentence would have to run consecutive to his previously imposed sentence for rape. He contends that he would not have pled guilty had he been properly advised of the potential sentence. Finally, he maintains that he received ineffective assistance of counsel when his counsel failed to inform him "that the law prohibited the imposition of consecutive sentences as required by the plea agreement" and when counsel negotiated a plea agreement requiring him to serve an "illegally high sentence."[2] Appellant's Brief p. 9.

Indiana Code Section 35–50–1–2 governs the circumstances in which a trial court may impose consecutive sentences. In 1991, when Badger pled guilty and was sentenced, the statute provided:

(a) Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If, after being arrested for one (1) crime, a person commits another crime:

  (1) Before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

  (2) While the person is released;

    (A) Upon the person's own recognizance; or

    (B) On bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Ind.Code § 35–50–1–2.[3]

In *Kendrick v. State*, 529 N.E.2d 1311 (Ind.1988), our supreme court faced an

---

2. Because we reverse on the basis that the sentence was illegal and that the plea agreement was not properly entered into, we need not specifically address Badger's ineffective assistance of counsel claim.

3. The current version of the statute provides:
(c) Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the aggravating and mitigating circumstances in IC 35–38–1–7.1(b) and IC 35–38–1–7.1(c) in making a determination under this subsection. *The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time.* However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 and IC 35–50–2–10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

(d) If, after being arrested for one (1) crime, a person commits another crime:
(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
(2) while the person is released:
(A) upon the person's own recognizance; or
(B) on bond;
the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.
Ind.Code § 35–50–1–2 (emphasis added). The current version of the statute now permits a trial court to impose consecutive sentences even if the sentences are not imposed at the same time. *See Berry v. State,* 689 N.E.2d 444, 446 (Ind.1997) (noting that the revision of the statute "essentially overturned the contemporaneity requirement" of previous cases). Therefore, we would not be compelled to reach the same conclusion under the current version of the statute as we are when we apply the version in effect at the time of his sentencing.

issue similar to that presented in this case. In *Kendrick*, the defendant had charges pending against him in two separate divisions of the Marion Superior Court. He pled guilty and was sentenced upon the charges in one division. He subsequently pled guilty to the charges in the other division. Upon his guilty plea to the second set of charges, the trial court sentenced him and ordered that the sentence be served consecutive to the sentences for the first guilty plea. The defendant appealed, arguing that his guilty plea was not knowingly made because he was not advised of the possibility of consecutive sentences. Our supreme court indicated that consecutive sentences upon the second sentence were improper:

> The language employed in Section (a) [in Indiana Code Section 35–50–1–2] by the legislature is restrictive. The general authority is limited to those occasions when a court is meting out two or more terms of imprisonment. If a court is contemporaneously imposing two or more sentences, it is granted the general statutory authority to order them to be served consecutive to one another. Section (a) does no more than this.

*Id.* at 1312.

Later, in *Seay v. State*, 550 N.E.2d 1284 (Ind.1990), our supreme court reaffirmed that a court may not generally impose consecutive sentences for unrelated separate crimes when sentences have been imposed for the two crimes at separate times. In that case, the defendant was found guilty upon two separate counts and sentenced to fifteen and thirty years, respectively, upon Count I, and to fifteen years upon Count II; the trial court ordered that the sentence for Count II be served consecutive to Count I. The defendant appealed, arguing, inter alia, that the State improperly delayed filing the charges in that case (rather than filing them along with similar charges upon

which he was convicted earlier that year) in order to obtain successive habitual offender enhancements. Citing the limitations of Indiana Code Section 35–50–1–2(a), the court held that the State may not seek multiple habitual offender sentence enhancements by bringing successive prosecutions for charges which could have been consolidated into one trial. *Id.* at 1289. In so holding, the court stated:

> However, the sentence appellant had previously received from another court in another cause was not a proper subject for this court's consideration in determining the propriety of consecutive sentences, and the court acted beyond the scope of its authority when it ordered the commencement of the instant sentence to be postponed until the completion of the sentence imposed in [the previous case].

*Id.*

In *Thompson v. State*, 634 N.E.2d 775, 777–78 (Ind.Ct.App.1994), we found a Howard County sentencing order requiring that a five-year sentence for robbery be served consecutive to a sentence previously imposed in Monroe County to be without statutory authority. The State argued that Thompson's sentence was imposed pursuant to the terms of a plea agreement and that Thompson knew and understood the terms when he agreed to them. Further, the State argued that it entered into the plea agreement for consecutive sentences in lieu of prosecuting Thompson on the two charges originally filed against him. Thus, Thompson received the benefit of the agreement and could not then oppose it. We noted that the State's argument mirrored the argument advanced by the State in *Sinn v. State*, which we had rejected:

> a contract made in violation of statute is void and unenforceable. Moreover, we cannot sanction an illegal sentence sim-

ply because it was the product of an agreement. For example, although ludicrous, we would not enforce a sentence of death for jay walking simply because the sentence was the product of a plea agreement. Courts are duty bound to correct illegal sentences.

*Sinn,* 609 N.E.2d 434, 436 (Ind.Ct.App. 1993), *trans. denied.* As in *Sinn,* we found the argument unpersuasive and concluded that the sentence was illegal. *Thompson,* 634 N.E.2d at 777–78. We concluded that the conviction and sentence entered pursuant to the illegal plea agreement had to be vacated. *Id.*

■ A number of other cases have reiterated the rule that the general authority to impose a consecutive sentence found in Indiana Code Section 35–50–1–2(a) is limited to those occasions when a court is contemporaneously imposing two or more sentences. *See, e.g., Bartruff v. State,* 553 N.E.2d 485, 488 (Ind.1990); *Lamirand v. State,* 640 N.E.2d 79, 81 (Ind.Ct.App.1994); *Watkins v. State,* 588 N.E.2d 1342, 1345 (Ind.Ct.App.1992); *Baskin v. State,* 586 N.E.2d 938, 940 (Ind.Ct.App.1992). Here, the sentence for the murder conviction was not imposed contemporaneously with the sentence for the rape conviction.

■ Furthermore, the sequence of Badger's crimes was such that the statute at issue was not invoked. A person must commit another crime after being arrested and before discharge on a prior crime for the mandatory sentencing statute to apply. *Thompson,* 634 N.E.2d at 777–78. Badger committed both the rape and the murder before being arrested for either crime.

Based on these reasons, it was improper for the trial court to order the murder sentence to be served consecutive to the previously imposed rape sentence. It follows, then, that the trial court erroneously advised Badger during the guilty plea hearing that consecutive sentences were mandatory. This conclusion is consistent with what another panel of this court found in Badger's prior appeal. *See Badger v. State,* 664 N.E.2d 423 (Ind.Ct.App.1996). Although that panel found the sentence to be erroneous, it held that the trial court "justifiably" denied Badger's motion to correct the erroneous sentence because he had benefited from the plea agreement to the extent that the State agreed to not pursue the revocation of his probation in another case. *Id.* at 3.

■ We recognize the general principles of res judicata and law of the case, particularly as they pertain to post-conviction proceedings. As a general rule, when this court decides an issue on direct appeal, the doctrine of res judicata applies, thereby precluding its review in post-conviction proceedings. *Ben–Yisrayl v. State,* 738 N.E.2d 253, 258 (Ind.2000). The doctrine of res judicata prevents the repetitious litigation of that which is essentially the same dispute. *Id.* The "law of the case" doctrine mandates that when an appellate court decides a legal issue, both the trial court and the court on appeal are bound by that determination in any subsequent appeal involving the same case and relevantly similar facts. *State v. Huffman,* 643 N.E.2d 899, 901 (Ind.1994). However, there is a narrow exception as explained in *Huffman,* when our supreme court stated:

> With due respect for the doctrine of res judicata this Court has always maintained the option of reconsidering earlier cases in order to correct error. "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work manifest injustice."

*Id.* (quoting *State v. Lewis,* 543 N.E.2d 1116 (Ind.1989)). The supreme court reiterated that finality and fairness are both important goals and concluded that when faced with an apparent conflict between them, it unhesitatingly chooses the latter. *Id.* at 901.

We are faced with such a question here between finality and fairness. Another panel of this court has examined Badger's sentence and found that it could be upheld despite the illegality. We respectfully disagree and posit that the benefit Badger received from the plea agreement amounted only to a five-year savings because he no longer faced the revocation of his probation on another conviction. The benefit of five years does not justify upholding the plea agreement mandating a forty-year sentence to be served consecutive to the thirty-year rape sentence when it is clear that the sentences could not have been consecutive. The result is that Badger is forced to serve a total sentence of seventy years as opposed to forty years (thirty for the rape plus the ten that would remain on the murder). The fact that he might have also faced five years for the probation revocation had he not pled guilty does not persuade us that a manifest injustice has not occurred here.

We reluctantly conclude that the erroneous sentence constitutes fundamental error. *See Rhodes v. State,* 698 N.E.2d 304, 307 (Ind.1998) (holding that a sentence exceeding statutory authority constitutes fundamental error); *Jennings v. State,* 687 N.E.2d 621, 622 (Ind.Ct.App.1997) (holding that courts are duty bound to correct sentences violating the trial court's statutory authority to issue consecutive sentences under Indiana Code Section 35–50–1–2). We also are compelled to conclude that because of the erroneous advisement of the trial court relating to the consecutive sentences, Badger did not knowingly, intelligently, and voluntarily enter into the plea agreement mandating consecutive sentences. We cannot conclude that Badger still would have entered into this plea agreement had he been aware that consecutive sentences were not permitted by law. *See Peace v. State,* 736 N.E.2d 1261, 1266–67 (Ind.Ct.App.2000) (holding that while misadvice does not warrant reversal as a matter of law, a court on review must examine whether the incorrect advice concerning the minimum sentence rendered the defendant's plea bargain illusory), *trans. denied; French v. State,* 472 N.E.2d 210, 213 (Ind.Ct.App.1984) (holding that defendant's guilty plea could not be said to have been entered with full knowledge of the consequences of such a plea when the trial court clearly did not advise him that his prior convictions could influence either the decision to impose the maximum one-year penalty on each count or the decision to order the terms to be served consecutively). Unfortunately, the plea agreement and sentence relating to the murder conviction must be vacated.

### Conclusion

Because we conclude that the sentence was illegal and the plea agreement was not knowingly or voluntarily entered into due to the trial court's erroneous advisement, we reverse the denial of Badger's post-conviction relief petition and order that the murder conviction and sentence be vacated.

Reversed.

DARDEN, J., concurs.

NAJAM, J., concurs and files separate opinion.

NAJAM, Judge, concurring.

I concur in this opinion and the conclusion that Badger's consecutive sentences, imposed pursuant to a plea agreement, are illegal and constitute fundamental error entitling him to post-conviction relief. I write separately, however, to explain my

reasons for reaching a conclusion different from that which I reached as a member of another panel that issued the memorandum decision in Badger's direct appeal, *Badger v. State*, 664 N.E.2d 423 (Ind. Ct. App.1996) ("*Badger I* ").

In *Badger I*, I concurred with Judge Robertson's assessment that even though the imposition of consecutive sentences was illegal, "a defendant may not enter [into] a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." *Id.*, slip op. at 3 (quoting *Collins v. State*, 509 N.E.2d 827, 833 (Ind. 1987)). We relied solely on *Collins v. State* to support our position that "Badger may not complain that his sentence is illegal" and our ultimate refusal to correct the error. *Badger*, slip op. at 3. The *Collins* decision relied upon *Twyman v. State*, 459 N.E.2d 705 (Ind.1984), for the broad pronouncement that a defendant who benefits from a plea agreement calling for an illegal sentence may not later complain that the sentence is illegal.

A closer look reveals that the *Collins* court's reliance on *Twyman* was misplaced. *Twyman* did not address the challenge to an illegal sentence unauthorized by statute, as was the issue in both *Collins* and *Badger I*. Rather, *Twyman* addressed a criminal court's personal jurisdiction over a juvenile who had misrepresented his age to the court. There, Twyman challenged his conviction and sentence imposed pursuant to a guilty plea entered in a criminal court, alleging that he was actually a juvenile at the time of the plea and had lied about his age to receive a reduced charge from the State. Twyman alleged not that his sentence was illegal, but that the criminal court lacked jurisdiction to accept his guilty plea or to enter sentence because of his juvenile status and the absence of a waiver from the juvenile court.

The *Twyman* court held that where an accused under the age of eighteen misrepresents his age to a criminal court, the judgment of the criminal court "may be voidable for lack of personal jurisdiction" if the accused makes a timely challenge to the court's personal jurisdiction over him. *Twyman*, 459 N.E.2d at 708. Nevertheless, the supreme court went on to observe:

> [I]t would be a mockery of the courts and our judicial system if Twyman, who deliberately deceived the criminal court as to his age and accepted the benefit of a plea bargain substantially reducing the charge, were allowed, eight years later, when faced with an enhanced sentence as an habitual offender, to assert his juvenile status for the first time, and have his conviction vacated.

> Having perpetrated a fraud upon the criminal court, and having received benefit from such subterfuge, [Twyman] is estopped from raising the issue in the post-conviction proceeding.

*Twyman*, 459 N.E.2d at 711 (citations omitted). Thus, *Twyman* addresses the waiver of personal jurisdiction, not the forfeiture of the right to challenge an illegal sentence, and it certainly does not support the sweeping statements made in *Collins* and reiterated in *Badger I*. Neither, in this case, did Badger perpetrate a fraud or subterfuge upon the court.

Moreover, in *Sinn v. State*, 609 N.E.2d 434, 435 (Ind.Ct.App.1993), *trans. denied*, this court specifically rejected the State's argument that because the defendant had received the benefit of a plea agreement imposing an illegal sentence, he could not subsequently oppose it.[1] We explained, "As logical and attractive as the State's argument is, it must be rejected.... [A] contract made in violation of statute is void

---

1. Judge Robertson also wrote *Sinn*.

and unenforceable.... [W]e cannot sanction an illegal sentence simply because it was the product of an agreement." *Id.* at 436 (citations omitted). Indeed, it is the duty of appellate courts to bring illegal sentences into compliance. *Golden v. State,* 553 N.E.2d 1219, 1224 (Ind.Ct.App. 1990), *trans. denied.* As such, an illegal sentence *must* be corrected, even if the correction subjects the defendant to an even longer period of incarceration.[2] *Id.*

In keeping with the foregoing principles, and upon further reflection, I conclude that here we have made the correct decision to revisit Badger's guilty plea and illegal sentences. It is important that judges keep an open mind and consider well-reasoned arguments, even when they have previously taken another position. *Corr v. Schultz,* 743 N.E.2d 1194, 1200 (Ind.Ct.App.2001) (Najam, J., concurring). Having reconsidered the issue, including the inapposite authority relied upon in *Badger I,* I fully concur in this opinion and our conclusion that Badger's consecutive sentences constitute fundamental error entitling him to post-conviction relief.

### ORDER

This Court having heretofore on July 3, 2001, handed down its opinion in this appeal marked Memorandum Decision, Not for Publication; and,

The Appellant, by counsel, having thereafter filed his Motion to Publish Memorandum Decision, Alleging therein that said decision meets the criteria of Appellate Rule 65A(1) and (3) by establishing, modifying and clarifying a rule of law and involving a legal issue of unique interest and substantial importance and prays that said Memorandum Decision now be ordered published, which said Motion is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Motion and being duly advised, now finds that the same should be granted and that this Court's opinion heretofore down as a Memorandum Decision should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Appellant's Motion to Publish Memorandum Decision is granted and the Court's opinion heretofore handed down in this cause on July 3, 2001, marked Memorandum Decision, Not for Publication, is now ordered published.

---

**2.** We note, nevertheless, that our supreme court has held that an appellant cannot successfully claim harmful or prejudicial error because he received a *lesser* punishment than that prescribed by law. *See Harvey v. State,* 498 N.E.2d 1231, 1235 (Ind.1986); *see also Mates v. State,* 200 Ind. 551, 165 N.E. 316 (1929). In *Collins,* the defendant argued that he should be allowed to withdraw his guilty plea where the plea agreement called for an illegal suspension of his sentence. The rule pronounced in *Harvey* and *Mates,* rather than the rule pronounced in *Twyman,* might have been more appropriately applied in *Collins* in light of the fact that the defendant received a lesser punishment than that prescribed by statute. In Badger's case, however, the sentence he received was greater than that prescribed by statute. As we have already observed, a sentence exceeding statutory authority constitutes fundamental error which courts are duty bound to correct. *See* slip op. at 10.