**David D. PARRETT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 21A01–0301–PC–12.

Court of Appeals of Indiana.

Dec. 18, 2003.

David D. Parrett, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

David Parrett ("Parrett") pled guilty to Class C felony operating a vehicle after driving privileges are forfeited for life,[1] Class D felony operating a vehicle while intoxicated,[2] Class A misdemeanor false informing,[3] and to being an habitual offender [4] in Fayette Circuit Court. He was sentenced to serve concurrent terms of five years for the operating a motor vehicle after forfeiture for life conviction, three years for the operating while intoxicated conviction, and 180 days for the false informing conviction. His sentence was enhanced by an additional five years because of his habitual offender status, for an aggregate ten-year sentence. Parrett later filed a motion to correct erroneous sentence, which was denied. He appeals arguing that the trial court improperly enhanced his sentence under the habitual offender statute. Concluding that Parrett's sentence was illegal, we reverse and remand.

## Facts and Procedural History

Parrett was charged with and pled guilty to Class C felony operating a vehicle after driving privileges are forfeited for life, Class D felony operating a vehicle while intoxicated, Class A misdemeanor false reporting, and to being an habitual offender in Fayette Circuit Court. On September 12, 1997, he was sentenced to serve concurrent terms of five years for the operating a motor vehicle after forfeiture for life conviction, three years for the operating while intoxicated conviction, and 180 days for the false informing conviction. His sentence was enhanced by an additional five years because of his habitual offender status, for an aggregate ten-year sentence.

On September 28, 1998, Parrett filed a motion to correct erroneous sentence alleging that "the legislature did not intend that a conviction under [Indiana Code section] 9–30–10–17 a Class C felony be subject to further enhancement under the general habitual offender statute [Indiana Code section] 35–50–2–8." The motion was denied that same day, and Parrett did not file an appeal.

On October 2, 2002, Parrett filed a motion to correct erroneous sentence alleging for a second time that the trial court improperly enhanced his sentence under the habitual offender statute and requesting that the court vacate his habitual offender determination and sentence. Appellant's App. pp. 13–14. On December 6, 2002, the trial court found that it was unnecessary to hold a hearing on Parrett's motion and denied his motion to correct erroneous sentence. *Id.* at 21. Parrett now appeals.

## Standard of Review

■ Parrett filed a motion to correct erroneous sentence alleging that his sentence was improperly enhanced under the habitual offender statute. Although the preferred procedure for presenting a sentencing error is a petition for post-conviction relief, a motion to correct erroneous

---

1. Ind.Code § 9–30–10–17 (1992 & Supp. 2003).

2. Ind.Code § 9–30–5–3 (1992 & Supp.2003).

3. Ind.Code § 35–44–2–2 (1998 & Supp.2002).

4. Ind.Code § 35–50–2–8 (1998 & Supp.2003).

sentence may be used to correct those errors where the sentence is erroneous on its face. *Funk v. State,* 714 N.E.2d 746, 748–49 (Ind.Ct.App.1999), *trans. denied.*

■ A trial court may correct an erroneous sentence when a sentence is facially defective. *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind.2000); Ind.Code § 35–38–1–15 (1998). A sentence is facially defective if it violates express statutory authority at the time it is imposed. *Mitchell,* 726 N.E.2d at 1243. When we review the trial court's decision on such a motion, we "defer to the trial court's factual finding" and review its decision "only for abuse of discretion." *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Myers v. State,* 718 N.E.2d 783, 789 (Ind.Ct.App.1999). However, we will "review a trial court's legal conclusions under a de novo standard of review." *Mitchell,* 726 N.E.2d at 1243.

### Discussion and Decision

■ Parrett argues that the trial court abused its discretion when it denied his motion to correct erroneous sentence because his "sentence for operating a vehicle after lifetime suspension ... could not legally be further enhanced under the general habitual offender statute[.]" Br. of Appellant at 3. The State contends that Parrett waived this issue when he pled guilty to being an habitual offender.

■ We agree that Parrett was improperly sentenced. *See Stanek v. State,* 603 N.E.2d 152, 153–54 (Ind.1992) (The habitual traffic offender statute is a "discrete, separate, and independent habitual offender statute," and convictions under that statute are not subject to further enhance-

ment under the general habitual offender statute.); *Wood v. State,*[5] 734 N.E.2d 296, 298–99 (Ind.Ct.App.2000), *trans. denied; Cardwell v. State,* 666 N.E.2d 420, 423 (Ind.Ct.App.1996), *trans. denied.* Therefore, we must consider whether his claim is waived.

■ We initially observe that a judge cannot impose a sentence that does not conform to the mandate of the relevant statutes. *Mitchell v. State,* 659 N.E.2d 112, 115 (Ind.1995). "A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization." *Lane v. State,* 727 N.E.2d 454, 456 (Ind.Ct.App.2000) (citing *Rhodes v. State,* 698 N.E.2d 304, 307 (Ind.1998)). Further, "[a] sentence that exceeds statutory authority constitutes fundamental error" and is "subject to correction at any time." *Id.* (citations omitted); *see also Weaver v. State,* 725 N.E.2d 945, 948 (Ind.Ct.App. 2000) ("[A] sentence that violates express statutory authority is facially defective."); *Becker v. State,* 719 N.E.2d 858, 861 (Ind. Ct.App.1999) ("[B]ecause this issue involves a review of statutory authority for a sentence, it is one of fundamental error. This issue was not waived by Defendant because it can be raised at any time.").

In *Weaver,* the trial court denied the defendant's 1997 and 1999 motions for presentence jail time credit. After the 1999 motion was denied, the defendant filed a motion to correct error, which the trial court denied because the defendant "had sought jail time credit in 1997 and the issue had been 'previously adjudicated;'" therefore, "he was 'barred from filing a second Motion for Credit Time by res judicata.'" *Id.* On appeal, we reversed holding that because "pre-sentence jail

---

5. We note that the conviction and habitual offender determination in *Wood* was the result of a guilty plea. 734 N.E.2d at 297. However, as there is no discussion of waiver in that decision, the issue was apparently not raised.

time credit is a matter of statutory right," the trial court "erred when it summarily rejected Weaver's motion for pre-sentence jail time credit as being barred by the doctrine of res judicata." *Id.* at 948. Further, we concluded that

> any time a defendant whose liberty has been restricted through imprisonment or confinement requests a trial court to reconsider its previous award of jail time credit, and the defendant's motion in this regard identifies a sufficient factual basis for his eligibility, the court must address the merits of such motion.

*Id.*

In *Badger v. State,* 754 N.E.2d 930 (Ind. Ct.App.2001), the defendant pled guilty to murder and the trial court ordered the sentence on his murder conviction to be served consecutive to a sentence previously imposed for an unrelated rape conviction. *Id.* at 932. The defendant filed a motion to correct erroneous sentence in 1995, which the trial court denied and the defendant appealed. On appeal, we affirmed the trial court's denial "holding that although the sentence was erroneous, Badger had benefited from the illegality." *Id.* The defendant filed an amended petition for post-conviction relief in 1999 alleging that his sentence was illegal, his guilty plea was not voluntary or knowingly made, and ineffective assistance of counsel. The petition was denied, and the defendant appealed. *Id.*

Once again, our court concluded that the trial court improperly ordered the murder sentence to be served consecutive to the previously imposed rape sentence. *Id.* at 935. Although we recognized that the principles of the res judicata and law of the case doctrines generally preclude review of an issue that has previously been decided, we also noted:

> With due respect for the doctrine of res judicata this Court has always main-

tained the option of reconsidering earlier cases in order to correct error. "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work manifest injustice."

*Id.* (quoting *State v. Huffman,* 643 N.E.2d 899, 901 (Ind.1994)) (internal citation omitted). After observing that any benefit the defendant received from the plea agreement did not justify upholding the erroneous consecutive sentences, which resulted in an aggregate seventy-year sentence, our court concluded that "the erroneous sentence constitutes fundamental error." *Id.* at 936. *See also Thompson v. State,* 634 N.E.2d 775, 777–78 (Ind.Ct.App.1994); *Sinn v. State,* 609 N.E.2d 434, 436 (Ind.Ct. App.1993), *trans. denied* ("[W]e cannot sanction an illegal sentence simply because it was the product of an agreement.... Courts are duty bound to correct illegal sentences.").

From our review of these decisions, it is clear that a defendant's challenge to an illegal sentence is not waived simply because that illegal sentence was imposed pursuant to a plea agreement. Further, in some instances where the sentence was illegally imposed, a defendant's challenge to the sentence will not be barred by the doctrine of res judicata. As we stated above, the trial court imposed an illegal sentence on Parrett when it sentenced him for his conviction under Indiana Code section 9–30–10–17, the habitual traffic offender statute, and further enhanced that sentence under Indiana Code section 35–50–2–8, the general habitual offender statute. We therefore remand this case to the trial court with instructions to vacate the habitual offender enhancement.

Reversed and remanded for proceedings consistent with this opinion.

NAJAM, J., and ROBB, J., concur.