Jwan A. CRAWFORD, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 10S00–0007–CR–456.

Supreme Court of Indiana.

Sept. 26, 2001.

Jeffrey D. Stonebraker, Jeffersonville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy At-

torney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

Jwan Crawford was convicted of attempted murder, robbery as a Class A felony, false informing, and of contributing to the delinquency of a minor. He was sentenced to sixty-five years imprisonment. In this direct appeal, Crawford contends that the trial court erred in denying his motion to suppress. He also contends that the trial court's enhancement of his sentence for attempted murder because of the use of a firearm violates the Sixth and Fourteenth Amendments of the United States Constitution under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm the conviction for attempted murder, but reverse the enhancement without addressing the *Apprendi* issue because attempted murder is not among the crimes eligible for enhancement.

**Factual and Procedural Background**

On December 10, 1999, Loren Johnson was at work at Uncle Miltie's Pawn Shop in Jeffersonville when Crawford entered his store followed by two other men. Crawford stated, "This is a hold-up," and shot Johnson in the throat. Crawford yelled at Johnson to get down while the other two took between $1300 and $1500 from the cash register. All three then smashed the glass cases in the shop and stole jewelry and handguns.

Sergeant Tim Deeringer learned of the robbery by radio and was told that the suspects had fled to the alley behind the store. He proceeded to the alley where he found six to eight people. Some of the group were repairing vehicles, and three others—Darius Smith, Corey Parker, and Crawford—were standing nearby. When questioned by Deeringer, Crawford claimed the three had been in the alley about an hour. Antonio Ritchie, one of the workers, told Deeringer that Crawford and the others had been in the alley only a few minutes. After Deeringer repeated the question to Crawford, and Crawford again stated that he had been there for an hour, Deeringer arrested the three for false informing.

Parker later admitted that the three had committed the robbery and told police that he had given Crawford the gun shortly before Crawford entered the store and shot Johnson. Johnson was able to identify Crawford as the shooter from a photo array.

Crawford was convicted of attempted murder, robbery as a Class A felony, contributing to the delinquency of a minor, and false informing. He was sentenced to an enhanced sentence of fifty years for attempted murder, and an additional five years for use of a firearm in the commission of a violent felony. He also received ten years for robbery as a Class B felony, to run consecutive to the attempted murder conviction, one year for contributing to the delinquency of a minor and 180 days for false informing, both to run concurrently with the robbery sentence.

**I. Motion to Suppress**

Crawford first claims that the trial court erred by denying his motion to suppress evidence obtained as a result of his arrest for false informing. Deeringer arrived in the alley shortly after the shooting in full police uniform and driving a marked police car. Deeringer approached the men and asked if they had heard shots fired or seen anyone running. He then asked Crawford how long he had been in the alley. Crawford responded one hour. Deeringer then asked Ritchie how long Crawford had been in the alley and Ritchie responded fifteen minutes. Deeringer requestioned Crawford as to how long he had been in the

alley and when Crawford again responded one hour, Deeringer arrested him for false informing.

Crawford does not contest the sufficiency of the evidence of this conviction, but rather argues that there was no probable cause to arrest him for false informing. Therefore, he argues, the arrest was in violation of his search and seizure rights under the Fourth Amendment and Article I, Section 13 of the Indiana Constitution, and all the evidence obtained after he was taken to the Clark County Jail should be suppressed.[1]

■■■ A warrantless arrest is permissible if a misdemeanor is committed in an officer's presence. *Chandler v. State*, 581 N.E.2d 1233, 1238 (Ind.1991). Probable cause exists when, at the time of the arrest, the arresting officer has knowledge of facts and circumstances that would warrant a person of reasonable caution to believe that the suspect had committed a criminal act. *Sears v. State*, 668 N.E.2d 662, 667 (Ind.1996). The amount of evidence necessary to meet the probable cause requirement is determined on a case-by-case basis. *Peterson v. State*, 674 N.E.2d 528, 536 (Ind.1996).

■■ A person is guilty of false informing if he "gives false information in the official investigation of the commission of a crime, knowing the report or information to be false." Ind.Code § 35–44–2–2 (1998). In this case, Crawford does not contest that he gave false information, but alleges that he did not know Deeringer was involved in "the official investigation of the commission of a crime." Deeringer approached the alley in his uniform and marked car asking if anyone had heard shots or seen people running. He then asked Crawford about his whereabouts. It is reasonable to assume that Deeringer was investigating some criminal activity based on his questions and appearance and that Crawford should have realized this. Crawford's contention that he had no basis to assume Deeringer was investigating a crime is without merit. He does not contend that Richie's statement was insufficiently reliable to constitute probable cause. Accordingly, his arrest was not unlawful, and the trial court did not err in denying the motion to suppress.

## II. Sentence Enhancement for Use of a Firearm

■■ Crawford contends that his right to due process and to a jury trial was violated when his sentence for attempted murder was enhanced by five years based on the trial court's finding beyond a reasonable doubt that he had used a firearm in the commission of this offense. Crawford bases his argument on *Apprendi v. New Jersey*, 530 U.S. 466, 491–97, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the United States Supreme Court held that the Sixth and Fourteenth Amendments of the United States Constitution are violated where a defendant's sentence is enhanced beyond the statutory range based on a fact not found beyond a reasonable doubt by a jury. We need not address this issue because the statute allowing an additional sentence for use of a firearm by its terms is inapplicable to this case.

Indiana Code section 35–50–2–11 allows the trial court to enhance a sentence by five years if the defendant used a firearm in the commission of "an offense." An offense is defined as "a felony under IC–35–42 that resulted in death or serious

---

1. This includes clothing taken from Crawford, his fingerprints, glass fragments taken from his shoes, and statements he made.

bodily injury."[2] In this case, the State charged that Crawford did knowingly or intentionally use a firearm in the commission of said Attempted Murder. No part of Chapter 42 defines the crime of attempted murder. Because attempted murder is not "an offense" as the statute defines that term, an enhancement may not be attached to it.

Attempted crimes are defined in Indiana Code section 35–41–5–1:

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony.

In *Ellis v. State*, 736 N.E.2d 731, 736 (Ind.2000), this Court held that attempted murder was not a crime of violence for purposes of Indiana Code section 35–50–1–2. The Court reasoned that " '[c]rimes of violence' is a defined term, a straightforward list, including such crimes as murder and attempted battery. It does not include attempted murder." *Id.* Although this writer dissented from *Ellis*, stare decisis requires that the same reasoning applies here. The enhancement statute identifies a specific list of crimes that may be enhanced by reference to Chapter 42 of Title 35. Because attempted murder is not a crime found in Indiana Code 35–42, it is not "an offense" eligible for the five-year enhancement pursuant to Indiana Code section 35–50–2–11.[3] Because the statute by its terms is inapplicable, we do not address the *Apprendi* issue Crawford raises.

## Conclusion

The judgment of the trial court is affirmed as to the conviction and reversed as to the enhancement. The sentence for attempted murder is reduced to fifty years to run consecutively with the ten year robbery sentence for a total of sixty years. The concurrent sentences for contributing to the delinquency of a minor and false informing are affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

---

2. Also included as offenses are kidnapping and criminal confinement as a Class B felony, neither of which is relevant here.

3. Presumably the trial court could have enhanced robbery as a Class A felony by five years if the State had charged it.