**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

FILED
Dec 13 2012, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH MAJORS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-CR-433 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1201-FA-5139

**December 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Joseph Majors appeals his convictions for Attempted Murder[1] and Carrying a Handgun without a License,[2] as well as the sentence imposed by the trial court. Majors presents the following restated issues for review:

1.	Did the admission of testimony from two police officers concerning statements made by a witness constitute fundamental error?

2.	Did the trial court erroneously impose a sentencing enhancement under Ind. Code Ann. § 35-50-2-11 (West, Westlaw current through 2012 Second Regular Session)?

3.	Is Majors's sentence inappropriate in light of the nature of the offense and the character of the offender?

We affirm in part, reverse in part, and remand with instructions.

On the evening of January 22, 2012, Georgio Finney and his girlfriend, Paris Avant, were visiting with some of Finney's friends at a home in Marion County. Shortly after Finney and Avant got there, Majors arrived and was let into the house by one of Finney's friends. Majors then walked to the table where Finney was sitting and shot him twice in the face at close range. Avant ran to Finney's aid and called 911 while the other occupants of the home fled. When police arrived, Avant told them that "Joe" had shot Finney. *Transcript* at 70. After Avant called Finney's cousin to find out the shooter's last name, she told police it was Majors. Finney survived the shooting, but he is in a coma and not expected to recover.

The State charged Majors with class A felony attempted murder, carrying a handgun without a license as a class A misdemeanor, and a separate count alleging that the handgun

[1] Ind. Code Ann. § 35-42-1-1 (West, Westlaw current through 2012 Second Regular Session); Ind. Code Ann. § 35-41-5-1 (West, Westlaw current through 2012 Second Regular Session).

[2] Ind. Code Ann. § 35-47-2-1 (West, Westlaw current through 2012 Second Regular Session); I.C. § 35-47-2-23 (West, Westlaw current through 2012 Second Regular Session).

offense was elevated to a felony due to Majors's prior conviction for carrying a handgun without a license. The State also filed a sentence enhancement count alleging that Majors had used a firearm in the commission of a felony under Indiana Code Article 35-42 that resulted in death or serious bodily injury. Following a two-day jury trial, Majors was found guilty of attempted murder and carrying a handgun without a license as a class A misdemeanor. Then, after a bifurcated trial, Majors was found guilty of the enhancement counts. The trial court sentenced Majors to forty-five years for attempted murder, enhanced by five years for using a firearm, and a concurrent term of two and one-half years for carrying a firearm without a license. This appeal ensued.

1.

Majors first argues that the trial court abused its discretion in admitting testimony from two police officers concerning statements Avant made to them when they responded to the scene of the shooting. Majors concedes, however, that he did not object to the testimony at trial. Therefore, unless he can show that fundamental error occurred, the issue is waived. *See Caron v. State*, 824 N.E.2d 745 (Ind. Ct. App. 2005), *trans. denied.*

> The fundamental error doctrine serves, in extraordinary circumstances, to permit appellate consideration of a claim of trial error even though there has been a failure to make a proper contemporaneous objection during the course of a trial, which failure would ordinarily result in procedural default as to the claimed error. The doctrine applies to those errors deemed "so prejudicial to the rights of a defendant as to make a fair trial impossible."

*Hardley v. State*, 905 N.E.2d 399, 402 (Ind. 2009) (quoting *Barany v. State*, 658 N.E.2d 60, 64 (Ind. 1995)).

At trial, Avant testified that she saw Majors shoot Finney. Thereafter, Indianapolis Metropolitan Police Officers Jason Norman and David Drennan both testified that when they responded to the scene of the shooting, Avant told them that "Joe" or "Joe Majors" had shot Finney. *Transcript* at 156, 167. Additionally, Detective Grace Lopez testified that another officer told her that Avant identified the shooter as "Joe." *Id.* at 209. On appeal, Majors argues that these statements were inadmissible hearsay and amounted to "drumbeat repetition" of Avant's accusation against Majors. *Appellant's Brief* at 7.

Assuming *arguendo* that the statements were improperly admitted, Majors has not established fundamental error. The officer's statements were merely cumulative of Avant's testimony that she saw Majors shoot Finney, and Majors has not established that the alleged harm resulting from the repetition of Avant's statements by police was so serious as to make a fair trial impossible. Accordingly, Majors has not established reversible error in this regard.

2.

Next, Majors argues that the trial court erred in imposing a sentencing enhancement pursuant to I.C. § 35-50-2-11, which allows the trial court to enhance a sentence by five years if the defendant used a firearm in the commission of "an offense." For the purposes of I.C. § 35-50-2-11, an offense is defined in relevant part as "a felony under IC 35-42 that resulted in death or serious bodily injury[.]" Here, the State alleged that Majors knowingly or intentionally used a firearm in the commission of attempted murder.

In *Crawford v. State*, 755 N.E.2d 565 (Ind. 2001), our Supreme Court noted that no

part of Ind. Code Art. 35-42 defined the crime of attempted murder and, consequently, attempted murder is not an "offense" for the purposes of I.C. § 35-50-2-11. Accordingly, no enhancement may be attached to the crime of attempted murder pursuant to that statute. *Id.* The State acknowledges the holding in *Crawford v. State*, and concedes that imposition of the sentencing enhancement in this case was error. We therefore reverse and remand with instructions to vacate the sentencing enhancement.

3.

Finally, we address Majors's argument that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

Whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors

that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Furthermore, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). "When a defendant requests appellate review and revision of a criminal sentence, an appellate court has the power to affirm, reduce, or increase the sentence." *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010).

Majors committed attempted murder, a class A felony, and was sentenced to forty-five years on that count. For crimes classified as class A felonies, the legislature has prescribed a sentencing range of twenty to fifty years, with an advisory sentence of thirty years. I.C. § 35-50-2-4 (West, Westlaw current through 2012 Second Regular Session). Majors also received a concurrent two and one-half year sentence for carrying a handgun without a license. [3]

---

[3] Although the issue is not raised by either party, we note that Majors was originally charged with carrying a handgun without a license as a class C felony based on his prior misdemeanor conviction for carrying a handgun without a license. Prior to the second phase of the trial, however, the State indicated that the charging information contained a scrivener's error, and that the offense was elevated to a class D felony based on Majors's prior conviction. *Transcript* at 416. The State moved to amend the charging information to reflect that the offense was a class D felony, and the motion was granted with Majors's agreement. *Id.* at 417. The jury then returned a guilty verdict on the amended charge, and conviction was entered as a class D felony. *Id.* at 432; *Appellant's Appendix* at 19. Pursuant to statute, however, Majors's prior conviction elevated the handgun offense in this case to a class C felony. *See* I.C. 35-47-2-23. The entry of conviction and sentence as a class D felony, however, could only have benefitted the defendant, and because the State invited any error in the entry of conviction as a class D felony, it would not be entitled to reversal on this basis. *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005) (noting that under the doctrine of invited error, "'a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct.'" (quoting *Witte v. Mundy*, 820 N.E.2d 128, 133-34 (Ind. 2005)). And because the sentence on

6

Thus, without the erroneous five-year sentence enhancement, Majors received an aggregate sentence of forty-five years.

Both Majors and the State argue that sentence revision is warranted. Majors argues that his sentence should be reduced to the thirty-year advisory sentence for attempted murder because his relatively minor criminal history reflects well on his character and because long-term incarceration will result in hardship to his child, who had not yet been born at the time of Majors's sentencing. For its part, the State argues that Majors's sentence should be increased to the fifty-year maximum for attempted murder because the nature of the offense was particularly heinous, the injuries suffered by the victim are severe, and Majors has demonstrated a pattern of criminal behavior. For the reasons set forth below, we decline both invitations to revise Majors's forty-five year sentence.

Considering the nature of the offense, we note that Majors's crime was particularly violent and disturbing. Avant testified that Majors entered the home, walked to the table where Finney was sitting, and, without any apparent provocation, pulled out a gun and shot him twice in the face, at close range in the presence of multiple witnesses. We note further that Finney and his family have suffered tremendously and continue to suffer as Finney remains incapacitated and close to death.

Turning to the character of the offender, we note that Majors has a lengthy history of criminal and delinquent behavior. In 2001, at thirteen years of age, Majors was alleged to be

the handgun offense was ordered to be served concurrently with the sentence for attempted murder, the length of Majors's aggregate sentence is not affected.

a delinquent child for committing an act that would be class D felony theft if committed by an adult; the case was closed after Majors successfully completed a diversion program. This early brush with the law and opportunity for rehabilitation, however, did not prevent Majors from continuing to offend. In 2004, Majors was again adjudicated a delinquent child for committing acts that would be class D felony battery and class B misdemeanor disorderly conduct if committed by an adult. In 2005, Majors was again adjudicated a delinquent child for committing acts that would constitute dealing in marijuana and possession of marijuana, both class A misdemeanors, if committed by an adult.

As an adult, Majors has been convicted of several misdemeanors, including resisting law enforcement, battery, carrying a handgun without a license, and possession of marijuana. Majors has also been convicted of class D felony possession of marijuana, and on the date of his sentencing in this matter, he entered a plea of guilty to another count of class D felony possession of marijuana charged under a separate cause number. Additionally, Majors's probation has been revoked on three separate occasions. Majors acknowledges this history, but argues that it is dissimilar from the current offenses and that a long term of imprisonment will result in a hardship to his child.

Although we are sensitive to the likelihood that Majors's child will be affected negatively by his incarceration, the same is true of nearly every child with an incarcerated parent. In any event, it is unclear to us how this hardship bears on the nature of the offense or reflects positively on Majors's character. And although Majors's previous convictions are considerably less serious than the current offenses, they evince a pattern of criminal conduct

8

that has not been deterred through prior efforts at rehabilitation. Having considered the nature of the offense and the character of the offender, we cannot conclude that the forty-five year aggregate sentence imposed in this case is inappropriate. Accordingly, we decline both Majors's and the State's requests for sentence revision.

Judgment affirmed in part, reversed in part, and remanded with instructions.

NAJAM, J., and BRADFORD, J., concur.