**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 27 2013, 7:35 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DEWAYNE NALLS,                          )
                                        )
    Appellant-Defendant,               )
                                        )
      vs.                          )  No.  49A04-1306-CR-281
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.                )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
Cause No. 49G01-1111-FA-82773

**December 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

DeWayne Nalls ("Nalls") was convicted by a jury of Attempted Murder[1] and his thirty-five-year sentence was enhanced by five years under Indiana Code section 35-50-2-11, due to his use of a firearm.[2] Nalls appeals, presenting the sole issue of whether the enhancement is illegal.[3] No challenge having been made to the underlying sentences, we affirm the sentences, but we vacate the illegal enhancement.

**Facts and Procedural History**

On June 22, 2011, Michael Gaddie ("Gaddie") came to the Indianapolis residence of Nalls and Tyrone Smith ("Smith") to look at a television set that Smith had offered for sale. As Gaddie and Smith walked toward the house, they passed Nalls sitting at a picnic table. Nalls told Gaddie that he looked familiar, but Gaddie replied that he did not know Nalls. Nalls followed Gaddie and Smith into the house, repeating his claim that Gaddie looked familiar. Gaddie decided to leave, but was pursued by Nalls, who insisted: "I said, you look familiar." (Tr. 85.)

Gaddie "stepped out the front door" and stopped. (Tr. 85.) He turned around and told

---

[1] Ind. Code §§ 35-41-5-1, 35-42-1-1.

[2] Indiana Code section 35-50-2-11(c) provides: "The state may seek, on a page separate from the rest of a charging instrument, to have a person who allegedly committed an offense sentenced to an additional fixed term of imprisonment if the state can show beyond a reasonable doubt that the person knowingly or intentionally used a firearm in the commission of the offense." Section (e) provides in pertinent part: "If the jury … or the court … finds that the state has proved beyond a reasonable doubt that the person knowingly or intentionally used a firearm in the commission of the offense, the court may sentence the person to an additional fixed term of imprisonment of five (5) years."

[3] In a bench trial, Nalls was also found guilty of Unlawful Possession of a Firearm by a Serious Violent Felon, a Class B felony, I.C. § 35-47-4-5. He does not challenge his ten-year concurrent sentence for this offense.

Nalls to "get out of his face." (Tr. 85.) When Gaddie had moved about eight to ten feet away from Nalls, Nalls pulled out a gun and shot Gaddie in the back. Gaddie fell and Nalls said, "f--- you, I told you, you remember me now." (Tr. 86.) Nalls put the gun to Gaddie's face and pulled the trigger, but it did not fire. Nalls then used the gun to repeatedly strike Gaddie in the head while telling Gaddie that he was going to kill him.

Police were summoned and Nalls fled. The State charged Nalls with Attempted Murder and Unlawful Possession of a Firearm by a Serious Violent Felon. A jury found him guilty of the first charge; in the second phase of the bifurcated trial, the trial court found Nalls guilty of the latter charge. The trial court also found as true the State's allegation that Nalls had used a firearm in the commission of a felony.

On May 16, 2013, the trial court sentenced Nalls to thirty-five years imprisonment for Attempted Murder and ten years for Unlawful Possession of a Firearm by a Serious Violent Felon, with the sentences to be served concurrently. The trial court also enhanced the Attempted Murder sentence by five years. This appeal ensued.

**Discussion and Decision**

The five-year enhancement of Nalls's Attempted Murder sentence was premised upon Indiana Code section 35-50-2-11, which provides in pertinent part:

(a)     As used in this section, "firearm" has the meaning set forth in IC 35-47-1-5.

(1)     As used in this section, "offense" means:

(2)     a felony under IC 35-42 that resulted in death or serious bodily injury;

(3)     kidnapping; or

(4)     criminal confinement as a Class B felony.

3

Nalls contends, and the State agrees, that the offense of Attempted Murder is not one of offenses to which the statutory enhancement is applicable. As explained by our supreme court in Crawford v. State:

> Indiana Code section 35-50-2-11 allows the trial court to enhance a sentence by five years if the defendant used a firearm in the commission of "an offense." An offense is defined as "a felony under IC 35-42 that resulted in death or serious bodily injury. In this case, the State charged that Crawford did knowingly or intentionally use a firearm in the commission of said Attempted Murder. No part of Chapter 42 defines the crime of attempted murder. Because attempted murder is not "an offense" as the statute defines that term, an enhancement may not be attached to it.

755 N.E.2d 565, 567-68 (Ind. 2001).

Here, despite the concession that the enhancement was error, the State argues that the case must be remanded so that the trial court can re-evaluate Nalls's aggregate sentence. The State suggests that the trial court might wish to increase Nalls's Class B felony sentence by up to five years.[4] In support of its request for remand, the State directs our attention to United States v. Shue, 825 F.2d 1111 (7th Cir. 1987), cert. denied. In Shue, the court observed:

> When, on appeal, one or more counts of a multicount conviction are reversed and one or more counts are affirmed, the result is an 'unbundled' sentencing package. See, e.g., United States v. Thomas, 788 F.2d 1250, 1260 (7th Cir. 1986), cert. denied, … Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentences renders the sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions.

825 F.2d at 1114.

---

[4] The State acknowledges that: "Defendant's aggregate sentence cannot be increased on remand 'absent a special and particularized showing of new facts, such as new criminal acts occurring between the original hearing and resentencing,' but those facts do not appear to exist in this case. Wasman v. United States, 468 U.S. 559, 569 (1984)." Appellee's Brief at 4.

4

The Shue decision involved review of a re-sentencing decision upon remand after reversal of several criminal convictions and affirmation of one. It is clearly distinguishable from the instant case, in which there was no reversal of a criminal conviction. Moreover, the Shue decision applied federal law in an appeal from an Illinois district court. In short, it does not provide authority for the procedural mechanism that the State now seeks, that is, remand for trial court reconsideration of its sentencing decision.

Further, the State initiated no appeal of the sentence imposed upon Nalls. Indeed, it may do so only in limited circumstances, where the trial court has acted outside its sentencing authority, as explained in McCullough v. State, 900 N.E.2d 745, 750-51 (Ind. 2009):

> [T]he State may not by appeal or cross-appeal (a) initiate a challenge to a trial court's criminal sentence that is within the court's sentencing authority or (b) seek appellate review and revision of such sentence. When a defendant requests appellate review and revision of a criminal sentence pursuant to authority derived from Article 7, Sections 4 or 6 of the Indiana Constitution, however, the reviewing court is presented with the issue of whether to affirm, reduce, or increase the sentence. As to this issue, the perspectives of both the defendant and the State will be helpful. Thus, the State's appellee's brief, when responding to such a request for sentence review and revision from a defendant may, if desired, present reasons supporting an increase in the sentence without the necessity of proceeding by cross-appeal.

Although the State arguably may have been able to appeal to correct the illegal enhancement, the State was not free to initiate an Indiana Appellate Rule 7(B) challenge to sentence appropriateness. Nalls has not requested that we review or revise his thirty-five and ten-year sentences for the crimes of which he was convicted, only that we vacate an illegal enhancement of one of those sentences. We therefore have before us no request for sentence revision pursuant to Rule 7(B), which might have opened the door to State argument that the

5

sentence imposed was too lenient.  See Akard v. State, 937 N.E.2d 811, 814 (Ind. 2010) (observing that "defendant's raising of sentence reasonableness on appeal authorizes appellate consideration of whether the assigned sentence is inappropriately stern or lenient"). In sum, the State has identified no provision of law that authorizes the State to challenge Nalls's sentence by cross-appeal or requires remand for reconsideration by the trial court.

Accordingly, we decline the State's request to remand for further proceedings.  We vacate the five-year illegal enhancement to Nalls's sentence for Attempted Murder.

Affirmed in part; vacated in part.

FRIEDLANDER, J., and KIRSCH, J., concur.