## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 17 2016, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John C. Bohdan
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Trayshaun J. Pernell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 17, 2016<br><br>Court of Appeals Case No.<br>02A03-1508-CR-1087<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D05-1411-F1-3 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following a joint jury trial, Trayshaun Pernell and his co-defendant, Kulon Lewis, were each convicted of attempted murder while using a firearm. The trial court sentenced Pernell to forty years in the Indiana Department of Correction on the attempted murder conviction and enhanced his sentence by twenty years pursuant to Indiana Code section 35-50-2-11. Pernell appeals his conviction and sentence, raising three issues for our review, which we restate as (1) whether the trial court abused its discretion in consolidating his trial with Lewis', (2) whether the trial court abused its discretion in denying Pernell's motion for mistrial, and (3) whether the firearm sentencing enhancement as applied to Pernell is improper as a matter of law. Concluding the trial court did not abuse its discretion in joining the two defendants and in denying Pernell's motion for mistrial, but did err in enhancing Pernell's sentence, we affirm in part, reverse in part, and remand with instructions for the trial court to vacate the sentencing enhancement.

# Facts and Procedural History

[2] On September 4, 2014, Dytrell Allen was shot multiple times outside a house in Fort Wayne. The first bullet struck Allen as he was exiting the house and walking toward his girlfriend's car. After the first shot, Allen fell to the ground and crawled to the side of the car. Allen was laying on his back, unable to move, when he saw Lewis walk around the car. Lewis shot Allen several more times and walked away. Then, Pernell walked around the car and shot Allen in

the face, shattering his jaw. Lewis and Pernell fled the scene. Allen survived the encounter but was left paralyzed from the waist down.

[3] On November 25, 2014, the State charged Pernell with attempted murder as a Level 1 felony, aggravated battery as a Level 3 felony, and a firearm enhancement pursuant to Indiana Code section 35-50-2-11. Under a separate cause number, the State charged Lewis with the same offenses as Pernell. The State filed a Motion to Consolidate Lewis' case with Pernell's for trial, and Pernell filed a Memorandum in Opposition to Motion to Consolidate. Following a hearing, the trial court granted the State's motion and scheduled trial for June 9, 2015.

[4] Prior to trial, each party filed a Notice of Alibi. At trial, Pernell again objected to the causes being joined, which the trial court overruled. Pernell testified he was with friends and family on the afternoon the shooting took place; Pernell claimed he was not with Lewis. Lewis testified he was with a separate group of friends and family that afternoon; Lewis claimed he was not with Pernell. Shortly after the jury commenced deliberations, the bailiff notified the trial court the jury was utilizing a Fort Wayne street map that had not been admitted into evidence. The trial court ordered the bailiff to the remove the map, which the jury had already marked on. Pernell moved for mistrial. The trial court then individually questioned and admonished each juror. Each juror indicated he or she could disregard the map and base his or her decision only upon the evidence admitted at trial. Pernell renewed his motion for mistrial, which the trial court denied. The trial court then assembled the jurors, admonished them

as a group, and ordered them to resume deliberations. The jury found Pernell guilty as charged, and the trial court entered judgment of conviction for attempted murder. The trial court sentenced Pernell to forty years in the Department of Correction, enhanced by twenty years based on his use of a firearm in the commission of the offense. This appeal ensued.

# Discussion and Decision

## I. Consolidation

Pernell contends the trial court abused its discretion in consolidating his case with Lewis'. The State filed the same charges against Pernell and Lewis, but chose to file separate informations. Prior to trial, the State moved to consolidate the two causes, which the trial court granted over Pernell's objection. Although there is no Indiana statute expressly allowing the State to seek consolidation after it has exercised its discretion and filed separate, rather than joint, informations, our supreme court has stated the trial court does have the authority to consolidate cases. *Peck v. State*, 563 N.E.2d 554, 556-57 (Ind. 1990).[1]

---

[1] In *Peck*, the State charged Peck and his brother under separate informations. Prior to trial, the State moved to consolidate the two causes, which the trial court granted over Peck's objection. On appeal, Peck argued the trial court did not have the authority to consolidate the causes because no Indiana statutory provision expressly allowed consolidation after the State already filed separate informations. Our supreme court disagreed, stating a trial court does have the authority to consolidate two cases that were filed under separate informations, and further concluded Peck did not establish the denial of a separate trial subjected him to actual prejudice. *Id.* at 557-58.

> Absent any statutory provision for consolidated trials of separately-charged defendants, it is within the trial court's discretion to determine whether defendants' trials should be joined. To show an abuse of discretion, an appellant must show that in light of what occurred at trial, the denial of a separate trial subjected him to actual prejudice.[2]

*Id.* at 557.

[6] Here, the premise of Pernell's argument is that 404(b) evidence—which the State admitted at trial to show Lewis', not Pernell's, intent, state of mind, and relationship with Allen—caused Pernell to suffer prejudice. We acknowledge the State did present 404(b) evidence against Lewis through the testimony of Allen and police officers. This testimony spoke to past altercations between Allen and Lewis, including the allegation Lewis previously shot at Allen with a firearm. However, Pernell had full knowledge the State intended to present this testimony, Pernell stated in his opening statement that none of these allegations included acts by him, the witnesses were subjected to cross-examination, and at

---

[2] In his Appeal Brief, Pernell argues he suffered considerable prejudice as a result of the consolidation and such prejudice denied him "a fair determination of guilt or innocence[.]" Appeal Brief at 11. This quoted language comes from Indiana Code section 35-34-1-11(b). This section governs instances where two or more defendants have been joined for trial in the "same indictment or information[.]" Ind. Code § 35-34-1-11(b). Under this section, the trial court shall order a separate trial of the defendants if the court determines a separate trial is "necessary to protect a defendant's right to a speedy trial or is appropriate to promote a fair determination of the guilt or innocence of a defendant." *Id*. Pernell does not cite to *Peck* and his references to Indiana Code section 35-34-1-11(b) are inapplicable because Pernell and Lewis were not joined for trial under the same indictment or information. Because we interpret his arguments as similar to those brought forth in *Peck* and Pernell and Lewis were not charged under the same indictment or information, we need not determine whether separate trials were necessary to promote a fair determination of Pernell's guilt or innocence; rather, we need only determine whether, in light of what happened in trial, Pernell suffered actual prejudice as a result of the joinder. *See Peck*, 563 N.E.2d at 556-57.

no point did Pernell object to the admission of this evidence or request a limiting instruction admonishing the jury.

[7]    In addition, we note, despite Pernell not moving for severance of the trials, "a trial court must grant severance of trials where there are mutually antagonistic defenses and the acceptance of one defense precludes the acquittal of the other." *Lee v. State*, 684 N.E.2d 1143, 1147 (Ind. 1997). As the State correctly points out, even if Pernell had moved for severance, Lewis stated he was with a group of family and friends on the afternoon of the shooting, and Pernell stated he was with a *separate* group of family and friends at the time of the shooting. Such alibis are not mutually antagonistic defenses. We are not persuaded Pernell suffered actual prejudice. Accordingly, the trial court did not abuse its discretion in granting the State's Motion to Consolidate.

## II.  Motion for Mistrial

### A.  Standard of Review

[8]    A mistrial is an extreme remedy warranted only when no other curative measure will rectify the situation. *Donnegan v. State*, 809 N.E.2d 966, 972 (Ind. Ct. App. 2004), *trans. denied*. The denial of a mistrial is a determination within the trial court's discretion, and we will reverse its decision only for an abuse of that discretion. *Id*. To prevail on appeal from the denial of a motion for mistrial, the defendant must establish that the questioned conduct was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Williams v. State*, 755 N.E.2d 1128,

1132 (Ind. Ct. App. 2001), *trans. denied*. The gravity of the peril is determined by considering the misconduct's probable persuasive effect on the jury's decision. *Id*. The trial court is in the best position to gauge the circumstances and the probable impact on the jury. *Donnegan*, 809 N.E.2d 966.

## B. Juror Misconduct

[9] Pernell contends the trial court abused its discretion in denying his motion for mistrial. Specifically, Pernell argues he established a presumption of prejudice and the State failed to rebut the presumption. The State counters the trial court properly denied Pernell's motion because the jury's misconduct amounted to harmless error. We agree with the State.

[10] Our supreme court recently clarified the appropriate procedure to be followed in instances of juror misconduct:

> Trial courts must immediately investigate suspected jury taint by thoroughly interviewing jurors collectively and individually, if necessary. If any of the jurors have been exposed, he must be individually interrogated by the court outside the presence of the other jurors, to determine the degree of exposure and the likely effect thereof. After each juror is so interrogated, he should be individually admonished. After all exposed jurors have been interrogated and admonished, the jury should be assembled and collectively admonished, as in the case of a finding of "no exposure." If the imperiled party deems such action insufficient to remove the peril, he should move for a mistrial.

*Ramirez v. State,* 7 N.E.3d 933, 940 (Ind. 2014) (quoting *Lindsey v. State*, 260 Ind. 351, 359, 295 N.E.2d 819, 824 (1973)). Once a party moves for mistrial, he

must show by a preponderance of the evidence (1) extra-judicial juror contact or communications actually occurred, and (2) the contact or communications pertained to a matter before the jury. *Id.* at 937, 940; *Currin v. State*, 497 N.E.2d 1045, 1046 (Ind. 1986). Satisfying this burden creates a presumption of prejudice and shifts the burden to the opposing party to prove harmless error. *Ramirez*, 7 N.E.3d at 940. Here, it appears both parties agree Pernell established a presumption of prejudice.

[11] After the bailiff discovered a map in the jury room, the trial court ordered the bailiff to immediately remove the map. Pernell then moved for mistrial. The trial court individually interrogated each juror, and each juror indicated he or she would be able to set aside the map, cease further discussions of the map, and base a decision solely on the evidence admitted during trial. The trial court then admonished each juror individually, stating they were not to have any discussions with other jurors about the map. Thereafter, Pernell renewed his motion for mistrial. The State argued any error was harmless, specifically contending the trial court's "admonishment is appropriate to solve whatever prejudice there may be . . . ." Transcript at 750. The trial court denied Pernell's motion. The trial court then assembled the jury and admonished it as a group, stating,

> [Y]ou are to reach a decision based on the evidence that you've heard, not on any discussions that you've had about this map which will not be provided back to you. You are to make a decision based on the evidence and please only have discussions about the evidence that you've heard.

*Id*. at 754-55.  Following this admonishment, the trial court ordered the jury to resume deliberations.

[12]     We conclude the trial court properly followed the procedural steps detailed in *Ramirez*.  Specifically, the trial court admonished each juror individually and as a group, and we presume each juror abided by the trial court's admonishment not to further consider the map or discuss the map.  *See Street v. State*, 30 N.E.3d 41, 50 (Ind. Ct. App. 2015) (noting we presume a jury abides by the trial court's admonishment), *trans. denied*.  In addition, when the trial court interrogated the jurors, each juror stated he or she could set aside the map, cease further discussion of the map, and base a decision solely on the evidence presented during trial.  Therefore, we conclude any error was harmless.  Accordingly, the trial court did not abuse its discretion in denying Pernell's motion for mistrial.

## III.  Firearm Enhancement

[13]     Pernell argues the firearm sentencing enhancement the trial court imposed should be vacated because it is improper as a matter of law.[3]  In *Crawford v. State*, 755 N.E.2d 565 (Ind. 2001), our supreme court was tasked with determining whether a sentence imposed for attempted murder was subject to a

---

[3] The State argues Pernell's argument is waived because he did not object to attaching the firearm enhancement at the sentencing hearing, nor did he object to the trial court's jury instruction as to the firearm enhancement.  A trial court may not impose a sentence that does not conform to the mandate of relevant statutes.  *Parrett v. State*, 800 N.E.2d 620, 622 (Ind. Ct. App. 2003).  In addition, sentences that exceed statutory authority constitute fundamental error and are subject to correction at any time.  *Id*.  Therefore, we reject the State's waiver argument.

firearm enhancement. The court reviewed Indiana Code section 35-50-2-11, which allows the trial court to enhance a sentence by five to twenty years if a defendant used a firearm in the commission of an offense, Ind. Code § 35-50-2-11(g), and defines an "offense" in relevant part as "a felony under IC 35-42 that resulted in death or serious bodily injury . . . ." Ind. Code § 35-50-2-11(b)(1). Because Chapter 35, Article 42 does not define the crime of attempted murder, the court reasoned it was not "an offense" within the scope of the firearm enhancement statute. *Crawford*, 755 N.E.2d at 568; *see also* Ind. Code § 35-41-5-1(a) (defining attempted murder as a Level 1 felony). Thus, the court concluded the firearm enhancement cannot attach to an attempted murder conviction. *Crawford*, 755 N.E.2d at 568.

[14] Since *Crawford*, the legislature has remained silent. Although we feel it goes against common vernacular of today's society, attempted murder is still not listed as a felony offense against persons under Chapter 35, Article 42. Therefore, we are bound by the supreme court's literal interpretation of the firearm enhancement statute in *Crawford* and conclude the trial court illegally enhanced Pernell's sentence.[4] We remand to the trial court to vacate the sentencing enhancement.

---

[4] The State acknowledges we are bound by the *Crawford* decision. Brief of Appellee at 23.

# Conclusion

The trial court did not abuse its discretion in joining Pernell's and Lewis' causes for trial and in denying Pernell's motion for mistrial. The trial court's sentencing enhancement, however, is improper as a matter of law. Accordingly, we affirm in part, reverse in part, and remand with instructions to vacate the firearm enhancement.

Affirmed in part, reversed in part, and remanded with instructions.

Najam, J., and Crone, J., concur.