## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 9:53 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| **ATTORNEY FOR APPELLANT** | **ATTORNEYS FOR APPELLEE** |
| Frederick Vaiana | Gregory F. Zoeller |
| Voyles Zahn & Paul | Attorney General of Indiana |
| Indianapolis, Indiana | |
| | J.T. Whitehead |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Church, | January 29, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 29A02-1508-CR-1176 |
| v. | Appeal from the Hamilton Superior Court |
| State of Indiana, | The Honorable Wayne A. Sturtevant, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 29D05-0805-FD-2747 |

**Bradford, Judge.**

# Case Summary

In 2010, Appellant-Defendant William Church pled guilty to Class D felony operating a vehicle as a habitual traffic violator. In accordance with the plea agreement, Church's driver's privileges were suspended for life. In 2015, Church filed a motion to correct erroneous sentence. Church now appeals the trial court's denial of that motion. We affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

On May 5, 2008, the State charged Church with Class D felony operating a vehicle as a habitual traffic violator. Church entered into a plea agreement with the State and pled guilty. The plea agreement read as follows:

> Should the defendant enter a plea of guilty to the charge(s) below and if the court accepts this plea agreement, then the Court shall sentence the Defendant as follows:
>
> Count 1: Operating a Vehicle as a Habitual Traffic Offender, Class D Felony
>
> 1095 days in the Department of Correction, with 180 days executed and 915 days suspended. Executed time to be served through the Hamilton County Work Release program. Defendant given 28 days credit for 14 actual days served. $164.50 court costs. $100.00 administrative probation fee. The Court recommends to the BMV that the Defendant's license be suspended for life. Defendant shall be placed on probation for a period of 2 years, with all standard terms and conditions, and shall also include: 1) payment of court costs, fines and fees; and 2) determine how the defendant will be transporting himself and provide that information to his probation officer

and then the State shall move to dismiss ALL REMAINING CHARGES UNDER THIS CAUSE NUMBER.

Appellant's App. p. 12.

[3] On April 27, 2010, the trial court accepted the plea agreement and sentenced Church in accordance with the terms therein. On April 28, 2010, the trial court issued its abstract of judgment which stated that Church's driving privileges were suspended for 999 years. On July 15, 2015, Church filed a motion to correct erroneous sentence, which was denied without a hearing on July 22, 2015. Church appeals the denial of his motion.

# Discussion and Decision

[4]     A trial court may correct an erroneous sentence when a sentence is facially defective. A sentence is facially defective if it violates express statutory authority at the time it is imposed. When we review the trial court's decision on such a motion, we defer to the trial court's factual finding and review its decision only for abuse of discretion. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. However, we will review a trial court's legal conclusions under a de novo standard of review.

*Parrett v. State*, 800 N.E.2d 620, 622 (Ind. Ct. App. 2003) (citations and quotations omitted).

[5] On appeal, Church argues that the trial court had no authority to suspend his driving privileges for 999 years because there was no such term in the plea agreement. The only term in the plea agreement regarding suspension of

Church's license reads, "The Court recommends to the BMV that the Defendant's license be suspended for life." Appellant's App. p. 12. This provision was recited verbatim in the trial court's sentencing order. Church argues that the trial court was bound by the plea "only to *recommend* the suspension of Church's driving privileges for life rather than specifically ordering the suspension…." Appellant's Br. p. 5. The State contends that remand is appropriate to determine whether the suspension was issued pursuant to the plea agreement or whether it is an additional suspension.

[6] Church was convicted under Indiana Code section 9-30-10-16, which provides as follows:

> (a) A person who operates a motor vehicle:
>> (1) while the person's driving privileges are validly suspended under this chapter or IC 9-12-2 (repealed July 1, 1991) and the person knows that the person's driving privileges are suspended; or
>> (2) in violation of restrictions imposed under this chapter or IC 9-12-2 (repealed July 1, 1991) and who knows of the existence of the restrictions;
>
> commits a Class D felony.
>
> * * * *
>
> (c) In addition to any criminal penalty, *a person who is convicted of a felony under subsection (a) forfeits the privilege of operating a motor vehicle for life*. However, if judgment for conviction of a Class A misdemeanor is entered for an offense under subsection (a), the court may order a period of suspension of the convicted person's driving privileges that is in addition to any suspension of driving privileges already imposed upon the person.

(Emphasis added). According to subsection (c), a Class D felony conviction under subsection (a) automatically causes the convicted individual to forfeit their driving privileges for life. According to the statutory language, neither the trial court nor the BMV has the authority to deviate from this mandatory forfeiture.

[7] Nevertheless, Church argues that the language from the plea agreement and sentencing order, stating that the trial court "recommends" that the BMV suspend Church's driver's license for life, is only a recommendation and not an order. Although this argument is novel, it is not supported by law. Regardless of the language used in the plea, Church forfeited his driving privileges for life upon pleading guilty to being a habitual traffic offender and the trial court was bound to order as such.[1] The method by which the trial court communicates Church's driving privilege forfeiture to the BMV, whether via an order, recommendation, notification, etc., is irrelevant. The result is the same.

[8] We think it clear that the 999-year suspension in the abstract of judgment was meant to be a lifetime suspension in accordance with the Indiana Code section 9-30-10-16 and the plea agreement. However, the State believes that remand is appropriate to clarify that the 999-year suspension is not a secondary

---

[1] Church also argues that, under Section 9-30-10-16(c), it is not the trial court's place to judicially order the lifetime suspension but the BMV's duty to administratively order the suspension. Church goes on to argue that because the trial court and BMV both issued suspensions, he essentially received two lifetime suspensions. We find that attempting to distinguish these suspensions is an exercise in semantics. Church forfeited his license once, and only once, under Section 9-30-10-16. The BMV simply imposed the suspension mandated by statute and ordered by the trial court.

suspension in addition to the lifetime suspension provided for in the sentencing order. Additionally, we note that, despite its functional effect, the trial court had no authority to order a term-of-years suspension. Accordingly, we remand with instructions that the trial court make its abstract of judgment consistent with the sentencing order's recommendation of a lifetime suspension.

[9] We affirm the judgment of the trial court in part, reverse in part, and remand with instructions.

Baker, J., and Pyle, J., concur.